**Donald Lee BRADFORD, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16897.**

Court of Criminal Appeals of Oklahoma.

Dec. 10, 1971.

Rehearing Denied Jan. 20, 1972.

Don Anderson, Public Defender, Okl. County, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Donald Lee Bradford, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Oklahoma County for the offense of Grand Larceny, After Former Conviction of a Felony. His punishment was fixed at six years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that Patrick Kendrick owned a 1955 Chevrolet equipped with Goodyear chrome Astro tires, 775–14, narrow, on the front, and chrome Astros, F–70–14, on the rear. He testified that on December 18, 1970, he had car trouble on his way to work, and left the car at 63rd and Bryant Avenues, parked at the roadside. He next observed the car on the afternoon of the 19th at a wrecker service, with all the wheels missing. The wheels were worth approximately $60.00 each. He identified State's Exhibits One and Two as his wheels.

Officer Yasevich testified that while patrolling about 1:30 a. m., on December 19, 1970, he saw a 1955 Chevrolet parked at 63rd and Bryant Avenues, with the rear wheels missing. He parked approximately 200 yards from the vehicle, and kept the car under observation with field glasses. He observed a 1966 Pontiac stop at the Chevrolet, and two persons dismount. He observed activity consisting of the persons' heads bobbing up and down, and their putting two large, round objects into the trunk of the Pontiac. He next observed that the front wheels were missing from the Chevrolet. The officer took pursuit and stopped the Pontiac, and arrested the occupants for Grand Larceny, the defendant being on the passenger side. A search of the Pontiac disclosed State's Exhibits One and Two, the wheels.

The defendant testified that on the night of December 18, he had been to a wedding,

and Floyd Fisher undertook to drive him home. Fisher had previously talked to one Billy Smith, who said his car was broken down at 63rd and Bryant Avenues, and asked Fisher to get the two front tires, because the two rear tires had already been stolen. Defendant went merely as a passenger, and was a bystander as Fisher removed the front wheels from the Chevrolet.

 The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the Record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence, and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and to determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805 (1970).

The next proposition contends that the punishment is excessive. We have previously held that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each case, and the Court of Criminal Appeals does not have the power to modify a sentence, unless we can conscientiously say that under all the facts and circumstances, the sentence is so excessive as to shock the conscience of this Court. Roberts v. State, 473 P.2d 264. From the foregoing statement of facts, we cannot conscientiously say that the sentence imposed shocks the conscience of this Court.

The next proposition asserts that the trial court erred in admitting a portion of Officer Yasevich's testimony concerning a statement made by the defendant because of no timely Miranda warning. The objectionable testimony was that at the time of the arrest, defendant told Officer Yasevich that someone had told defendant that he could have the tires off the vehicle, although defendant could not name such a person, nor provide his address, or explain why such person would give the defendant

such permission. Defendant candidly admits in his brief that, "but the thrust of this statement, if defendant made it, would be exculpatory rather than incriminating. And, the defendant testified to much the same thing in greater detail before the jury." We are of the opinion that Yasevich's testimony concerning defendant's statement was, in view of defendant's testimony, not damaging. We, therefore, find this proposition to be without merit.

The final proposition asserts that the trial court improperly restricted the defendant's efforts to impeach the testimony of a witness. We have carefully examined the Record, and are of the opinion that the trial court properly restricted defendant's efforts to impeach the witness under the rules set forth by this Court in Eubanks v. State, Okl.Cr., 327 P.2d 491.

In conclusion, we observe that the Record is free of any error which would justify modification or require reversal. The judgment and sentence is, accordingly, affirmed.

BRETT, J., concurs.