Norma Ruth AYERS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17780.

Court of Criminal Appeals of Oklahoma.

April 3, 1973.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., John C. Williams, Legal Intern, for appellee.

## OPINION

BLISS, Presiding Judge:

Appellant, Norma Ruth Ayers, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Oklahoma, for the crime of Grand Larceny, After Former Conviction of a Felony. She was sentenced to two (2) years in the state penitentiary and from that conviction and sentence a timely appeal has been made to this Court.

On November 8, 1971, defendant entered Western Auto Supply in Oklahoma City, Oklahoma, and was waited on by C. W. Browning, who was a salesman for the store. Defendant handed Browning a set of jumper cables and a screwdriver whereupon he proceeded to the checkout counter. When Browning left, a floor supervisor who was looking through a hole in the wall in a back room, saw defendant put several boxes of spark plugs into her purse and coat pocket. Defendant then went to the checkout stand, purchased the jumper cables and screwdriver, proceeded to a television set display and then went outside. She was met outside by the floor supervisor who took her to the store office where she produced eight boxes of spark plugs worth a total of $63.36.

Defendant took the stand in her own behalf and testified that due to personal problems she had taken some drugs and had drunk some beer before going to the store. She also testified that she did not remember taking the spark plugs and that she had no reason for wanting them.

Defendant's probation officer testified that she saw defendant after her arrest and that she appeared to be "coming down" from drugs. However, the floor supervisor, the salesman, and the policeman that arrested defendant all testified that she looked and acted normal and did not appear to be either on drugs or drunk.

The first proposition asserts that the verdict is not supported by the evidence. In Futerll v. State, Okl.Cr., 493 P.2d 1139 (1972) this Court stated:

"The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the Record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence, and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and to determine the facts." Jones v. State, Okl.Cr., 468 P.2d 805.

The final proposition contends that the punishment is excessive. We have often held that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each case, and this Court does not have the power to modify a sentence unless we can conscientiously say that under all the facts and circumstances the sentence is so excessive as to shock the conscience of this Court. Bradford v. State, Okl.Cr., 492 P.2d 365.

In the case at bar, the defendant received a sentence of two years in the state penitentiary when the maximum she could have received was ten years. This sentence is clearly within the range provided by law and does not shock the conscience of this Court, so it cannot be disturbed on appeal.

The judgment and sentence is, therefore, affirmed.

BUSSEY and BRETT, JJ., concur.