John F. BOLING, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. M–78–95.

Court of Criminal Appeals of Oklahoma.

Jan. 24, 1979.

Larry Gullekson, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., Clifford E. Briery, II, Legal Intern, for appellee.

## OPINION

CORNISH, Presiding Judge:

John F. Boling, has appealed his conviction in the District Court, Washington County, for Impersonating an Officer. He was sentenced to one (1) year in the County jail and a fine of Five Hundred ($500.00) Dollars. The State's evidence showed that Mr. Edwin Brown of Ochelata was driving his car when he was stopped by the defendant, who admonished him for speeding and took his driver's license. The defendant told Mr. Brown that he was deputized in Washington County, where the traffic stop occurred, but the State proved that he was not.

The transcript reflects the following testimony by Mr. Brown when he related what happened upon being stopped by the defendant:

"Q. Tell me what he said when he approached your car?

"A. Well, the first thing, I got out and he approached me—told me to slow that s. o. b. down, son-of-a-bitch.

"Q. Did he say s. o. b. or did he use the full term?

"A. Son-of-a-bitch. I told him I couldn't do much slower. I was doing twenty mile an hour then, it was under the speed limit and he said yes, you're going to slow it down and then he asked for my license and then I gave him my license and—

\*　　\*　　\*　　\*　　\*　　\*

"A. I handed him my driver's license and he looked at 'em and he told me I was going to have to slow it down and this and that and I said well I want my license back and he said no he wouldn't give me my license back. He said he would keep them until I posted bond. Well, I hadn't had no ticket or nothing. . . . and so I said yes I wanted my license back and then he told me I was under arrest. He told me he was going to put me under arrest and he pulled out his blackjack and I said no you're not going to arrest me because now that I think about it, I'm not so sure that you're

an officer. I can't post bond or nothing if I haven't got a ticket and he pulled out his blackjack and his handcuffs and he said he was going to arrest me and I said no I don't think so and he turned around and walked in the middle of the street and I said you wait right here until I go find out if you're a law officer or not. So I got in my car and left.

"Q. During the conversation, did he ever identify to what authority he did have?

"A. Yes, when I asked for my driver's license back he told me that he was a commissioned officer in this county.

"Q. All right, sir. Did he tell you what you were under arrest for?

"A. No, sir."

In his first assignment of error, the defendant asserts that the trial court erred in telling the jury, as they were leaving to deliberate, that "there is no use to send me out any questions." The defendant supports his assignment of error by citing 22 O.S.1971, § 894, which reads as follows:

"After the jury have retired for deliberation, if there be a disagreement between them as to any part of the testimony of if they desire to be informed on a point of law arising in the cause, they must require the officer to conduct them into the court. Upon their being brought into court, the information required must be given in the presence of, or after notice to the county attorney and the defendant or his counsel, or after they have been called."

This statute has been construed to be mandatory only with regard to bringing the jury back into the courtroom, and the determination of whether the jury's request is granted lies within the judicial discretion of the trial court. *Glaze v. State*, Okl.Cr., 565 P.2d 710 (1977). It is further noted that this Court found no abuse of discretion in an instance where the court responded to a juror's request to ask a question: "Now, once the evidence is in, we cannot have any further questions, or I can't answer any questions." *Glaze v. State*, supra, at 713. In the instant case, no effort was made to ask any questions. There is nothing to indi-

cate that the defendant was prejudiced by the remark to the jury, nor any indication of abuse of discretion.

The defendant asserts in his second and sixth assignments of error that he was tried and convicted under the wrong statute and that the sentence was excessive.

The defendant was charged with and convicted of the crime of Impersonating an Officer under 21 O.S.1971, § 1533, which reads as follows:

"Every person who falsely personates any public officer, civil or military, or any fireman or any private individual having special authority by law to perform any act affecting the rights or interests of another, or assumes, without authority, any uniform or badge by which such are usually distinguished, and. in such assumed character does any act whereby another person is injured, defrauded, vexed or annoyed is guilt of a misdemeanor."

The defendant asserts he should have been charged under one of two more specific statutes: namely, 21 O.S.1971, §§ 263 and 264. Section 263 provides:

"Every person who shall falsely assume or pretend to be any State, county or township, city or town officer, or who shall knowingly take upon himself to act as such or to require any person to act as such, or assist him in any matter pertaining to such office, shall be punished by imprisonment in the county jail not more than one year nor less than three months, and by fine not exceeding five hundred nor less than fifty dollars."

And Section 264 provides:

"Any person who shall without due authority exercise or attempt to exercise the functions of or hold himself out to any one as a deputy sheriff, marshal, policeman, constable or peace officer, shall be deemed guilty of a misdemeanor and upon conviction thereof, shall be imprisoned for any period not more than one year, to which may be added a fine not exceeding one hundred dollars: Provided, However, that this section shall not be so construed as to prevent private

persons from making arrests for felonies or misdemeanors committed in their presence."

It is noted that the defendant did not incorporate the specific error regarding conviction under the wrong statute into his motion for a new trial. In *Rapp v. State*, Okl.Cr., 413 P.2d 915, 919 (1966), we held:

"This question was not presented in the motion for new trial, and we have repeatedly held that we will only consider those questions on appeal which are incorporated in the motion for new trial, and thereby submitted to the trial court for its ruling thereon, excepted to, and afterwards assigned for error, unless the question is jurisdictional. . . ." (Citations omitted)

But while the defendant failed to incorporate the error of being charged under the wrong statute in his motion for new trial, he did properly preserve an assignment of error regarding excessive punishment. The defendant's conduct could be considered a violation of any of the three statutes above. However, Section 264 distinguishes the offense of assuming to be a deputy sheriff and is most specifically on point. See, *Bolt v. State*, Okl.Cr., 554 P.2d 99 (1976). The defendant's sentence is contrary to the provisions of Section 264 only in that the fine levied exceeds the one hundred dollar limit. We therefore will modify the fine to One Hundred ($100.00) Dollars to bring the sentence within the purview of 21 O.S.1971, § 264. We further modify the sentence from one year in the County jail to six months, since under the facts and circumstances we find the punishment excessive. *Bolt v. State*, supra; *Ayers v. State*, Okl.Cr., 509 P.2d 141 (1973).

The third assignment of error urges that the trial court erred in permitting testimony regarding a badge found in the defendant's pocket when he was arrested. The District Court ruled that the arrest was illegal and barred introduction of the badge into evidence. But, when the defendant took the witness stand, the court allowed the prosecutor to cross-examine him con-

cerning his possession of a badge on the evening in question.

██ It is proper for the trial court to allow cross-examination outside the scope of direct examination if such examination reasonably tends to explain, contradict or impeach the witness' testimony. *Graves v. State,* Okl.Cr., 563 P.2d 646 (1977); *Chase v. State,* Okl.Cr., 541 P.2d 867 (1975). Further, statements inadmissible against a defendant as part of the prosecution's case in chief, because of lack of procedural safeguards, may be used for impeachment purposes to attack the defendant's credibility. *Harris v. New York,* 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971). In the case at bar, the trial judge clearly felt that the testimony in question went to the defendant's credibility. The question before us is whether the trial court, being in a better position than this Court to evaluate all factors involved, abused its discretion in permitting the questioning. We find nothing in the record to indicate this.

██ The fourth assignment of error urges that the defendant's requested instruction regarding resisting arrest should have been given. In refusing the instruction, the trial court noted that it was not applicable, as the defendant was not being tried for resisting arrest. The defendant argues that his case was damaged when the jury was given a portrayal of him resisting arrest, but the arresting officer merely stated that he "pulled back." If there was indeed any prejudice from this testimony it was collateral in the extreme. Here again, we do not believe that the trial court abused its discretion in ruling as it did.

The defendant's fifth assignment of error is that the accumulation of errors and irregularities in the trial, when considered as a whole, deprived the defendant of a fair and impartial trial. Since we have found no merit to any of the assignments of error pertaining to the trial, it follows that this assignment of error is similarly without merit.

In accordance with the discussion above, the judgment and sentence is modified from one (1) year in the County jail and a fine of Five Hundred ($500.00) Dollars to six (6) months in the County jail and a fine of One Hundred ($100.00) Dollars, and as MODIFIED the judgment and sentence of the court below is AFFIRMED.

BRETT and BUSSEY, JJ., concur.