**Glynda Carol PHILLIPS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-80-278.**

Court of Criminal Appeals of Oklahoma.

Feb. 25, 1982.

**558**

Charles S. Rogers, Deputy Appellate Public Defender, Cleveland County, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., Robert C. Smith, Jr., Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

Glynda Carol Phillips was tried for the crime of Murder in the First Degree in violation of Laws 1976, 1st Ex.Sess., ch. 1, § 1, now 21 O.S.Supp.1980, § 701.7, in the District Court of Tulsa County, Case No. CRF–79–613. The jury found the appellant guilty of Manslaughter in the First Degree, pursuant to 21 O.S.1971, § 711. Punishment was set at twenty-five years' imprisonment. From this judgment and sentence the appellant has perfected her appeal to this Court.

On March 3, 1979, at approximately 11:30 p.m., Glynda Carol Phillips and Leila Prock were driven by Mary Jo Byrd to the home of the victim, Stoddard Sullivan. Phillips and Prock entered Sullivan's residence where, according to Phillips, Prock and Sullivan began struggling over a logging chain that Prock had brought along. In order to try to stop Sullivan from striking Prock, Phillips testified that she hit Sullivan in the head with the butt of a pistol that she carried for protection. Sullivan struck Phillips several times with the chain, the last time the chain struck her hand that was holding the gun causing it to discharge and strike Stoddard. The two women then fled. The next morning, Stoddard was found dead due to a gunshot wound to the abdomen. Phillips specifically denied that she shot the victim either in self-defense or in defense of Prock.

Initially, the appellant entered a guilty plea to the charge of second degree murder and was sentenced to ten (10) years to life imprisonment. She later withdrew her guilty plea and the case was remanded for a preliminary hearing. At the preliminary hearing, the court granted the State's motion to amend the information so as to charge murder in the first degree. The appellant complains that she was deprived of due process of law when the State was allowed to amend the information to first degree murder after she withdrew her guilty plea to second degree murder. She asserts that because of the due process violation the trial court was without jurisdiction to try her. In support of her argument, the appellant cites *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), which held that upon appeal from a misdemeanor conviction entitling the convicted defendant to a trial de novo, the State of North Carolina denied due process of law by bringing a felony charge against him for the same conduct, unless the State could show that it was impossible to proceed on the felony charge at the outset.

■ The appellee points out the case of *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978), rehearing denied, 435 U.S. 918, 98 S.Ct. 1477, 55 L.Ed.2d 511 (1978), where the United States Supreme Court, in construing the application of the principles announced in *Blackledge*, supra, held that the Due Process Clause of the Fourteenth Amendment is not violated when the state prosecutor reindicts the accused on more serious charges after he refuses to plead guilty on the original charge. It is this case which is dispositive of the issue raised and which allows us to find that no due process violation occurred by allowing the State to amend the information as provided by 22 O.S.1981, § 304.

■ Second, the appellant alleges error occurred because the jury was not instructed that they must unanimously agree on at least one theory of guilt even though multiple theories of guilt had been presented. Specifically, it is argued that because 21 O.S.1971, § 711(2), Manslaughter in the First Degree, is homicide "perpetrated without a design to effect death, and in a heat of passion, but in a cruel and unusual manner, *or* by means of a dangerous weapon...," two distinct theories for the homi-

cide could have been relied on by the jurors. We find this argument to be totally without merit. Due Process requires that each element of a crime be proven. *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). The State established that the victim died approximately six hours after being wounded by a gunshot. Therefore the jurors could find either the victim died in a cruel and unusual manner or by means of a dangerous weapon. There is no requirement in Oklahoma that the jury must indicate the factual basis upon which the finding of guilt was made. *James v. State*, 637 P.2d 862 (1981). Therefore, the court did not err in failing to instruct the jury that they must unanimously agree on one theory of guilt.

■ Next, it is alleged that Instruction No. 16[1] was prejudicial because the trial court failed to state that the proof presented by circumstantial evidence must exclude "every reasonable hypothesis except that of guilt" and the proof was "not sufficient if it raised only a suspicion or mere probability of guilt." The appellant has cited no authority, nor did a thorough search of the case law reveal any instances where this Court has made mandatory the use of these exact words in a case based purely on circumstantial evidence. Further, this case is not based wholly on circumstantial evidence. The appellant took the stand in her own defense, therefore the jury was not presented with a one-sided view of the alleged occurrences. *Moran v. State*, 555 P.2d 1085 (Okl.Cr.1976). The instructions given correctly informed the jury of the law regarding proof of facts by circumstantial evidence. *Nichols v. State*, 418 P.2d 77 (Okl.Cr.1966).

■ The appellant also contends that the instruction created a mandatory presumption citing *Sandstrom v. Montana*, 442 U.S.

510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979) and *County Court of Ulster County v. Allen*, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979), as authority for her argument. Instruction No. 16 in the present case is readily distinguishable from the instruction in *Sandstrom*. The contested portion of Instruction No. 16, taken alone or in conjunction with the rest of the instructions, created only an opportunity for the jury to consider circumstantial evidence in their determination and in no way mandates a presumption of the ultimate fact.

■ In addition, the defendant did not object to Instruction No. 16 at trial, nor did she submit alternative instructions for the trial court to consider, which results in a waiver of any objection to the instruction. *Lane v. State*, 572 P.2d 991 (Okl.Cr.1978).

The fourth proposition of error asserts that the trial court erred by overruling the defendant's demurrers to the State's evidence both at the close of the State's case-in-chief and at the close of the evidentiary phase of the trial and by instructing the jury as to the elements of Murder in the First Degree.

■ This Court has consistently held that where there is any competent evidence tending to sustain the allegations in the information, the court should not sustain a demurrer to the evidence. *Cooper v. State*, 584 P.2d 234 (Okl.Cr.1978). Further, once the appellant presented evidence in her own defense, she waived the demurrer and the question of the sufficiency of the evidence is to be determined by an examination of the entire record, *Shockey v. State*, 524 P.2d 33 (Okl.Cr.1974), viewing the evidence in the light most favorable to the State. *Renfro v. State*, 607 P.2d 703 (Okl.Cr.1980).

■ The record indicates the following facts. The day before the victim was killed,

1. Instruction No. 16 stated:

The State relies in part for a conviction in this case upon circumstantial evidence, as that term has been herein defined for you. You are instructed that to warrant a conviction upon circumstantial evidence, each fact relied upon to establish the guilt of the defendant must be proved by competent evidence, beyond a reasonable doubt, and must be consistent with every other fact and in-

consistent with the innocence of the defendant and sufficient to produce in your minds to a reasonable moral certainty that the accused committed the offense charged against him.

Such circumstances, when so proved, are competent and are to be so regarded by you for your guidance, the same as is direct evidence.

the appellant had been involved in an altercation with others at the victim's residence. The night the victim was killed, the appellant had entered the victim's residence illegally, armed with a pistol. The victim was killed by a gunshot wound and the appellant was holding the gun when it fired. Evidence was introduced that the appellant had no marks on her, although she claimed the victim hit her with a chain, thereby causing the gun to fire. Even though different inferences might be drawn from these facts, this Court will not interfere with the verdict as it is the exclusive province of the jury to weigh the evidence and determine the facts. *Disheroon v. State*, 518 P.2d 892 (Okl.Cr.1974). Because there was competent evidence in the record from which the jury could reasonably conclude that the appellant was guilty as charged, the trial court did not err in overruling the demurrer.

■ The appellant asserts that the trial court erred in admitting evidence of "other crimes" because the trial court did not require the State to follow the guidelines in *Burks v. State*, 594 P.2d 771 (Okl.Cr.1979) or give a proper limiting instruction to the jury that evidence of other crimes cannot be used as circumstantial evidence of character. The "other crimes" complained of include evidence that breaking and entering occurred immediately prior to the altercation that resulted in the victim's death, the relationship between the appellant and Leila Prock, public intoxication and evidence that the appellant had previously been convicted for bogus checks.

This Court has repeatedly held that evidence of surrounding events, as long as they are not too remote and as long as they shed light on the principal crime, is admissible. *Bruner v. State*, 612 P.2d 1375 (Okl.Cr. 1980). The relationship between the appellant and Leila Prock, the appellant's intoxication, and the fact that the apartment was broken into were so closely related to the offense charged that it was not error to allow the information in at trial.

■ Also, no error occurred when the prosecuting attorney cross-examined the appellant about her former conviction for bogus checks because it was only done for the limited purpose of affecting her credibility as a witness. *Morris v. State*, 607 P.2d 1187 (Okl.Cr.1978).

The trial court properly instructed the jury as to the limited use of evidence of other offenses stating in part that "... you will not be justified in finding the defendant guilty in this case merely because you believe the evidence shows she may have been guilty of some other offense." *Burks v. State*, supra. In addition, the appellant did not object to the instruction nor did she offer alternative instructions for the trial court to consider, therefore any objection was waived. *Lane v. State*, 572 P.2d 991 (Okl.Cr.1978).

Finally, the appellant contends that the trial court allowed the prosecution to question the defense witnesses about matters beyond the scope of cross-examination resulting in prejudice to her. Specifically, error is alleged in the questioning of the appellant's father, Potter, as to whether he or his daughter owned a gun and whether he recognized the chain, and the cross-examination of the defense witness, Desjardine, regarding the background of this incident.

■ It is proper for the trial court to allow cross-examination outside the scope of direct examination if such examination reasonably tends to explain, contradict or impeach the witness' testimony. *Boling v. State*, 589 P.2d 1089 (Okl.Cr.1979). In each instance complained of, we find the cross-examination did fall within the bounds previously established and no error resulted.

For the above and foregoing reasons, it is our opinion that the judgment and sentence should be affirmed.

CORNISH, J., concurs.

BUSSEY, J., concurs in results.