LUMPKIN, PRESIDING JUDGE:
 

 ¶1 Petitioner, Robert A. Stevens, was charged on March 15, 1994 by Amended Information in the District Court of Canadian County with Murder in the First Degree ( 21 O.S.1991, § 701.7 ) in Case No. CF-1994-90; Shooting With Intent to Kill ( 21 O.S.Supp.1992, § 652 ) in Case No. CF-1994-91; and Forcible Sodomy ( 21 O.S.Supp.1992, § 888 ) in Case No. CF-1994-230.
 
 [1]
 
 On February 22, 1995, the State filed a Bill of Particulars in Case No. CF-1994-90 giving Petitioner notice that it intended to seek the death penalty as punishment for his commission of First Degree Murder.
 

 ¶2 On April 19, 1996, Petitioner, while represented by counsel, entered a negotiated plea. Petitioner entered a plea of guilty to the murder offense and a plea of no contest to the other two offenses. The Honorable Edward C. Cunningham, District Judge, accepted Petitioner's pleas. As to CF-1994-90, the District Court sentenced Petitioner to imprisonment for life without the possibility of parole and ordered that this sentence run consecutively to his sentence in District Court of Oklahoma County Case No. CF-1994-5960.
 
 [2]
 
 As to CF-1994-91 and CF-1994-230, the District Court sentenced Petitioner to imprisonment for ten (10) years and ordered the sentences to run concurrent with Petitioner's sentence in CF-1994-90.
 

 ¶3 Petitioner did not seek to withdraw his plea and his conviction and sentence became final on April 30, 1996. On April 27, 1997, Petitioner filed his first Application for Post-Conviction relief. On July 10, 1997, the District Court denied Petitioner's application. On October 2, 1997, this Court denied his appeal of the District Court's ruling in
 
 Robert A. Stevens v. State
 
 , Case No. PC-1997-1131, unpub. dispo. (Okl. Cr. Oct. 2, 1997).
 

 ¶4 On January 17, 2017, Petitioner filed his Second Application for Post-Conviction Relief. Relying on 22 O.S.2011, § 1080, Petitioner claimed that his sentence of life without the possibility of parole was in violation of the Constitution in light of the United States Supreme Court's pronouncements in
 
 Miller v. Alabama
 
 ,
 
 567 U.S. 460
 
 ,
 
 132 S.Ct. 2455
 
 ,
 
 183 L.Ed.2d 407
 
 (2012), and
 
 Montgomery v. Louisiana
 
 , 577 U.S. ----,
 
 136 S.Ct. 718
 
 ,
 
 193 L.Ed.2d 599
 
 (2016). On January 23, 2017, the State filed its Response requesting that the District Court deny Petitioner's application. On February 6, 2017, the District Court entered its Order Denying Post-Conviction Relief summarily denying Petitioner's application without the aid of a hearing pursuant to 22 O.S.2011, § 1084. Petitioner timely appeals the denial of his Second Application for Post-Conviction Relief.
 
 [3]
 

 ¶5 On September 20, 2017, we directed the State to file a response to Petitioner's appeal. The State filed its answer brief on November 20, 2017.
 

 BACKGROUND
 

 ¶6 On or about the 8th day of March, 1994, Petitioner, while acting conjointly with Marcus Dewayne Stevens and Michael Ray Goode, kidnapped Johnny Lawrence and Lamount Dority and held them against their will. Petitioner, Goode, and Stevens shot Lawrence with handguns with the premeditated design to effect his death. Petitioner also fired a pistol at Dority, intending his death. On that same day, Petitioner forced a female victim to orally sodomize him. Lawrence died from his wounds. These offenses occurred in Canadian County, Oklahoma.
 

 ¶7 Petitioner had not attained 18 years of age. He was 17 years and 259 days old at the time of the offenses.
 

 ¶8 In his plea form, Petitioner admitted to shooting and killing Lawrence. In addition to that statement, the District Court had several different sources of information about Petitioner available to it at the plea hearing. The court heard evidence concerning the other offenses which Petitioner had committed, including the offense of First Degree Murder which Petitioner had committed in Oklahoma County. Petitioner shot and killed Jessie T. Bradley with a rifle on January 25, 1994. This occurred prior to the present offense.
 

 ¶9 The District Court file in Canadian County contained the records concerning Petitioner's mental capacity. On June 24, 1994, an Application for Determination of Competency was filed on Petitioner's behalf. The District Court held a hearing on the application on June 28, 1994, and ordered that Petitioner be evaluated at the State mental health facility in Vinita. On December 15, 1994, the District Court held a post-examination competency hearing and determined that Petitioner was competent to stand trial.
 

 ¶10 The District Court file also contained records concerning Petitioner's youthfulness. Based upon the fact that he was seventeen (17) years of age at the time of the charged offenses, Petitioner filed an Application for Certification as a Juvenile. On May 26, 1995, the District Court held a hearing on Petitioner's request, considered Petitioner's evidence and the statutory factors, and denied the application. Petitioner timely appealed the denial of his application and on December 12, 1995, this Court affirmed the District Court's denial.
 

 DISCUSSION
 

 ¶11 Petitioner asserts, again on appeal, that his sentence of life without the possibility of parole is in violation of the United States Constitution because he committed the offense before the age of 18. He argues that the District Court wrongly determined that the Supreme Court's recent decisions in
 
 Miller
 
 and
 
 Montgomery
 
 did not apply to him when it summarily denied his claim.
 

 ¶12 This Court reviews the District Court's determination of an application for post-conviction relief for an abuse of discretion.
 
 State ex rel. Smith v. Neuwirth
 
 ,
 
 2014 OK CR 16
 
 , ¶ 12,
 
 337 P.3d 763
 
 , 766. An abuse of discretion is any unreasonable or arbitrary action taken without proper consideration of the facts and law pertaining to the matter at issue or a clearly erroneous conclusion and judgment, one that is clearly against the logic and effect of the facts presented.
 
 Neloms v. State
 
 ,
 
 2012 OK CR 7
 
 , ¶ 35,
 
 274 P.3d 161
 
 , 170.
 

 ¶13 Although
 
 Miller
 
 and
 
 Montgomery
 
 do not invalidate Petitioner's guilty plea, they are clearly applicable to his sentence of life without the possibility of parole. As the District Court failed to properly consider the applicable law pertaining to Petitioner's claim, we find that the District Court abused its discretion when it summarily denied Petitioner's claim.
 

 ¶14 "The Post-Conviction Procedure Act governs post-conviction proceedings in this State."
 
 Wackerly v. State
 
 ,
 
 2010 OK CR 16
 
 , ¶ 2,
 
 237 P.3d 795
 
 , 796. The Act provides petitioners with very limited grounds upon which to base a collateral attack on their judgments.
 
 Logan v. State
 
 ,
 
 2013 OK CR 2
 
 , ¶ 3,
 
 293 P.3d 969
 
 , 973. Post-Conviction review is not intended to provide a second appeal.
 
 Carter v. State
 
 ,
 
 1997 OK CR 22
 
 , ¶ 2,
 
 936 P.2d 342
 
 , 343. "Issues that were previously
 raised and ruled upon by this Court are procedurally barred from further review under the doctrine of
 
 res judicata
 
 ; and issues that were not raised previously on direct appeal, but which could have been raised, are waived for further review."
 
 Logan
 
 ,
 
 2013 OK CR 2
 
 , ¶ 3,
 
 293 P.3d at
 
 973 ;
 
 Battenfield v. State
 
 ,
 
 1998 OK CR 8
 
 , ¶ 4,
 
 953 P.2d 1123
 
 , 1125 ; 22 O.S.2011, § 1086.
 

 ¶15 There are even fewer grounds available to a petitioner to assert in a subsequent application for post-conviction relief.
 
 Rojem v. State
 
 ,
 
 1995 OK CR 1
 
 , ¶ 7 n. 6,
 
 888 P.2d 528
 
 , 530 n. 6 ("Subsequent applications for post-conviction relief can only be filed under certain, limited circumstances.") (
 
 citing
 
 22 O.S.2011, § 1086 ). Section 1086 limits the grounds for relief asserted within subsequent petitions to only those grounds which for sufficient reason were not asserted or were inadequately raised.
 
 Johnson v. State
 
 ,
 
 1991 OK CR 124
 
 , ¶ 4,
 
 823 P.2d 370
 
 , 372. This Court has recognized that an intervening change in the law which did not exist at the time of Petitioner's direct appeal or in previous post-conviction proceedings constitutes a sufficient reason for not previously asserting an allegation of error.
 
 VanWoundenberg v. State
 
 ,
 
 1991 OK CR 104
 
 , ¶ 2,
 
 818 P.2d 913
 
 , 915.
 

 ¶16 The State providently concedes that Petitioner's claim is properly raised. In
 
 Miller
 
 , the United States Supreme Court determined that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for offenders who were under the age of 18 at the time of their crimes.
 
 Miller
 
 ,
 
 567 U.S. at 465
 
 ,
 
 132 S.Ct. at 2460
 
 . "[
 
 Miller
 
 ] rendered life without parole an unconstitutional penalty for a class of defendants because of their status-that is, juvenile offenders whose crimes reflect the transient immaturity of youth."
 
 Montgomery
 
 ,
 
 136 S.Ct. at 734
 
 (quotations and citation omitted). Unlike its announcement in
 
 Graham v. Florida
 
 ,
 
 560 U.S. 48
 
 , 79,
 
 130 S.Ct. 2011
 
 , 2032-33,
 
 176 L.Ed.2d 825
 
 (2010), the Supreme Court in
 
 Miller
 
 did not place a categorical prohibition against the imposition of life without parole sentences on juvenile homicide offenders.
 
 Luna v. State
 
 ,
 
 2016 OK CR 27
 
 , ¶ 9,
 
 387 P.3d 956
 
 , 960. Instead,
 
 Miller
 
 held that an individualized sentencing hearing is required before an offender who committed his or her offense under the age of eighteen (18) years of age may be sentenced to life without the possibility of parole.
 
 Montgomery
 
 ,
 
 136 S.Ct. at
 
 735 ;
 
 Miller
 
 ,
 
 567 U.S. at 483
 
 ,
 
 132 S.Ct. at 2460
 
 . "A hearing where 'youth and its attendant characteristics' are considered as sentencing factors is necessary to separate those juveniles who may be sentenced to life without parole from those who may not."
 
 Montgomery
 
 ,
 
 136 S.Ct. at 735
 
 (
 
 quoting
 

 Miller
 
 ,
 
 567 U.S. at 465
 
 ,
 
 132 S.Ct. at
 
 2460 ).
 

 ¶17 In
 
 Montgomery
 
 , the United States Supreme Court determined that
 
 Miller
 
 announced a substantive rule of constitutional law which is given retroactive effect.
 
 Montgomery
 
 ,
 
 136 S.Ct. at 734
 
 . The Supreme Court also recognized for the first time that: "Where state collateral review proceedings permit prisoners to challenge the lawfulness of their confinement, States cannot refuse to give retroactive effect to a substantive constitutional right that determines the outcome of that challenge."
 

 Id.
 

 ,
 
 136 S.Ct. at 731-32
 
 . Based upon the Supreme Court's holding in
 
 Montgomery
 
 , this Court in
 
 Luna v. State
 
 ,
 
 2016 OK CR 27
 
 ,
 
 387 P.3d 956
 
 , determined that
 
 Miller's
 
 holding applied retroactively to juvenile offenders whose convictions and sentences were final before
 
 Miller
 
 was decided.
 
 Luna
 
 ,
 
 2016 OK CR 27
 
 , ¶ 11,
 
 387 P.3d at 960
 
 .
 

 ¶18 Turning to the present case, Petitioner's conviction and sentence were final before the Supreme Court announced
 
 Miller
 
 . His original application for post-conviction relief was also decided before
 
 Miller
 
 . Thus, Petitioner's Second Application for Post-Conviction Relief was his first opportunity to raise a claim under
 
 Miller
 
 . Section 1080(f) of the Post-Conviction Procedure Act explicitly permits a petitioner to raise a challenge that his "conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding or remedy." As
 
 Miller
 
 is clearly an intervening change in the law which did not exist at the time of Petitioner's direct appeal or in previous post-conviction proceedings, we find that this constitutes a
 sufficient reason for his failure to previously raise his present claim of error and conclude that his claim could be grounds for relief in a successive application for post-conviction relief.
 

 ¶19 The District Court determined that Petitioner's case was distinguishable from
 
 Miller
 
 and
 
 Montgomery
 
 because he entered a negotiated plea. The record reveals that Petitioner was convicted for first degree murder and sentenced to life without the possibility of parole for a homicide which he had committed at 17 years of age. The District Court imposed Petitioner's sentence in 1996, approximately 14 years prior to the Supreme Court's pronouncement in
 
 Miller
 
 . Although
 
 Miller
 
 and
 
 Montgomery
 
 clearly call into question the constitutionality of Petitioner's sentence, the District Court properly concluded that these subsequent judicial decisions did not invalidate Petitioner's plea and convictions.
 

 ¶20 The United States Supreme Court has determined that subsequent judicial decisions do not impugn the truth or reliability of a criminal defendant's guilty plea.
 
 Brady v. United States
 
 ,
 
 397 U.S. 742
 
 , 757,
 
 90 S.Ct. 1463
 
 , 1473-74,
 
 25 L.Ed.2d 747
 
 (1970).
 

 [A] voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise....
 

 We find no requirement in the Constitution that a defendant must be permitted to disown his solemn admissions in open court that he committed the act with which he is charged simply because it later develops that the State would have had a weaker case than the defendant had thought or that the maximum penalty then assumed applicable has been held inapplicable in subsequent judicial decisions.
 

 Id.
 

 We further note that the United States Supreme Court recognized that States are not required to relitigate convictions in order to give
 
 Miller
 
 retroactive effect.
 
 Montgomery
 
 ,
 
 136 S.Ct. at 736
 
 . Accordingly, we conclude that Petitioner's plea and conviction remain constitutionally valid.
 

 ¶21 However, the District Court's determination that
 
 Miller
 
 and
 
 Montgomery
 
 are not applicable to Petitioner's sentence based upon the continued validity of his plea is a clearly erroneous conclusion of law. Petitioner's negotiated plea of guilty cannot render his sentence constitutional. Section 1080(A) of the Post-Conviction Procedure Act explicitly permits a petitioner to raise a claim that his "conviction
 
 or the sentence
 
 was in violation of the Constitution of the United States or the Constitution or laws of this state." (emphasis added). Petitioner's negotiated plea to the offense cannot justify his sentence if the sentence is found to be unconstitutional.
 
 See
 

 Montgomery
 
 ,
 
 136 S.Ct. at 731
 
 ("[A]s a general principle, [ ] a court has no authority to leave in place a conviction or sentence that violates a substantive rule, regardless of whether the conviction or sentence became final before the rule was announced."). We note, as a parallel, that this Court reviews properly preserved excessive sentence claims on
 
 certiorari
 
 review even though the claim does not impugn the validity of the plea.
 
 Whitaker v. State
 
 ,
 
 2015 OK CR 1
 
 , ¶¶ 7-9,
 
 341 P.3d 87
 
 , 89-90.
 

 ¶22 Citing
 
 Weeks v. State
 
 ,
 
 2015 OK CR 16
 
 ,
 
 362 P.3d 650
 
 , the State asserts that Petitioner's guilty plea waived his claim because there is no indication that the District Court did not have the power to hear Petitioner's case. We are not persuaded by this argument. "[A] guilty plea has a preclusive effect on a petitioner's collateral attacks on his conviction" but "does not preclude review of a claim that implicates the State's power to prosecute the case, or concomitantly, on the trial court's power to hear the case."
 
 Weeks
 
 ,
 
 2015 OK CR 16
 
 , ¶¶ 8, 13,
 
 362 P.3d at 653-54
 
 . The Supreme Court has concluded that a sentence of life without the possibility of parole imposed in contravention of
 
 Miller
 
 is both illegal and void.
 
 Montgomery
 
 ,
 
 136 S.Ct. at 731
 
 . Therefore, after
 
 Miller,
 
 a court is without the power to sentence a juvenile offender to life without the possibility of parole without the benefit of an individualized sentencing hearing.
 

 ¶23 The State further argues that Petitioner waived his right to an individualized sentencing hearing by pleading guilty.
 

 We refuse to find that Petitioner waived his rights under
 
 Miller
 
 when he entered his guilty plea.
 
 See
 

 King v. State
 
 ,
 
 1976 OK CR 103
 
 , ¶ 11,
 
 553 P.2d 529
 
 , 534-35 (holding defendant must be advised of all constitutional rights he relinquishes with his plea). Petitioner could not have been aware that he had the right to an individualized sentencing hearing because this right was not recognized until the Supreme Court announced it in
 
 Miller
 
 .
 

 ¶24 Given that Petitioner was seventeen years old when he committed first degree murder, his sentence of life without parole clearly falls within the confines of
 
 Miller
 
 and
 
 Montgomery
 
 . As the District Court failed to apply this controlling precedent to Petitioner's case, we find that the District Court abused its discretion. Accordingly, we find that the District Court's Order Denying Post-Conviction Relief should be reversed.
 

 ¶25 Our determination that
 
 Miller
 
 and
 
 Montgomery
 
 apply to Petitioner's sentence, standing alone, does not require us to modify Petitioner's sentence to imprisonment for life.
 
 Miller
 
 did not bar imposition of life without parole on all juvenile homicide offenders.
 
 Montgomery
 
 ,
 
 136 S.Ct. at 734
 
 . Instead,
 
 Miller
 
 drew a line between juveniles whose crimes reflect "transient immaturity" and the rare juvenile whose crime reflects "irreparable corruption."
 

 Id.
 

 Thus, the punishment may still be imposed on the rare juvenile offender whose crime reflects "irreparable corruption."
 
 Miller
 
 ,
 
 567 U.S. at 479-80
 
 ,
 
 132 S.Ct. at
 
 2469 ;
 
 Montgomery
 
 ,
 
 136 S.Ct. at 726, 736
 
 .
 

 ¶26 This Court has not had the opportunity to determine how the district courts are to retroactively apply
 
 Miller
 
 and
 
 Montgomery
 
 on post-conviction review. A petitioner raising a claim that his life without parole sentence is unconstitutional under
 
 Miller
 
 and
 
 Montgomery
 
 carries the burden of establishing that he or she is entitled to relief. "There is a presumption of regularity in the trial court proceedings."
 
 Brown v. State
 
 ,
 
 1997 OK CR 1
 
 , ¶ 33,
 
 933 P.2d 316
 
 , 324-25. The petitioner in post-conviction proceedings has the burden of presenting sufficient evidence to rebut this presumption.
 

 Id.
 

 To establish a claim under
 
 Miller
 
 and
 
 Montgomery
 
 on post-conviction review, the petitioner must establish that he is serving a sentence of life without parole for a homicide committed while he or she was under 18 years of age and was deprived of an individualized sentencing hearing where youth and its attendant characteristics were considered along with the nature of the crime.
 
 See
 

 Montgomery
 
 ,
 
 136 S.Ct. at 734
 
 , 735 ;
 
 Miller
 
 ,
 
 567 U.S. at 465, 483
 
 ,
 
 132 S.Ct. at 2460
 
 , 2471 ;
 
 Luna
 
 ,
 
 2016 OK CR 27
 
 , ¶¶ 16, 20,
 
 387 P.3d at 961-62
 
 . If the sentencer held such a hearing, then the challenged sentence does not run afoul of
 
 Miller
 
 .
 
 Cf.
 

 Luna
 
 ,
 
 2016 OK CR 27
 
 , ¶ 20,
 
 387 P.3d at 962
 
 .
 

 ¶27 Turning to the present case, we find that Petitioner has shown that he is entitled to relief. Although there was information in the record concerning Petitioner's youth and the attendant characteristics relating to youth, the sentencing judge did not have an opportunity to consider this evidence in the proper context. We note that the District Court file had several different sources of information about Petitioner in it at the time of sentencing. In the plea form, Petitioner admitted to shooting and killing Lawrence. The court also heard evidence concerning the other crimes which Petitioner had committed, including the offense of First Degree Murder which Petitioner had committed in Oklahoma County. Petitioner shot and killed Jessie T. Bradley with a rifle on January 25, 1994. This occurred prior to the present offense.
 

 ¶28 The District Court file in Canadian County contained records concerning Petitioner's mental capacity. On June 24, 1994, an Application for Determination of Competency was filed on Petitioner's behalf. The District Court held a hearing on the application on June 28, 1994, and ordered that Petitioner be evaluated at the State mental health facility in Vinita. On December 15, 1994, the District Court held a post-examination competency hearing and determined that Petitioner was competent to stand trial.
 

 ¶29 The District Court file also contained records concerning Petitioner's youthfulness. Based upon the fact that he was seventeen (17) years of age at the time of the charged offenses, Petitioner filed an Application for
 Certification as a Juvenile. On May 26, 1995, the District Court held a hearing on Petitioner's request, considered Petitioner's evidence and the statutory factors, and denied the application. Petitioner timely appealed the denial of his application and on December 12, 1995, this Court affirmed the District Court's denial.
 

 ¶30 The sentencing judge could have considered this evidence at Petitioner's sentencing hearing.
 
 See
 

 Berget v. State
 
 ,
 
 1991 OK CR 121
 
 , ¶¶ 16-17,
 
 824 P.2d 364
 
 , 370 (recognizing trial court's ability to look at entire record when sentencing on a plea).
 
 [4]
 
 However, the United State Supreme Court determined in
 
 Miller
 
 that the discretion available to a judge at certification proceedings cannot substitute for the discretion at sentencing in adult court necessary to satisfy the Eighth Amendment.
 
 Miller
 
 ,
 
 567 U.S. at 489
 
 ,
 
 132 S.Ct. at 2475
 
 .
 
 [5]
 
 As the District Court sentenced Petitioner prior to the Supreme Court's pronouncement in
 
 Miller
 
 , Petitioner could not have known what evidence to put on to fall within the protection of
 
 Miller
 
 and
 
 Montgomery
 
 . Further, the sentencing judge could not have determined that Petitioner was irreparably corrupt and permanently incorrigible since he did not know that he was required to make such a finding. Therefore, we find that Petitioner is entitled to relief and his sentence must be vacated.
 

 ¶31 On remand, the District Court should proceed to resentence Petitioner unless the State is agreeable to the modification of his sentence to life imprisonment. The Supreme Court has explicitly determined that the State may remedy a violation of
 
 Miller
 
 by agreeing to the modification of a petitioner's sentence.
 
 Montgomery
 
 ,
 
 136 S.Ct. at 736
 
 . Otherwise, the District Court should conduct a new sentencing hearing.
 

 ¶32 In
 
 Luna v. State
 
 ,
 
 2016 OK CR 27
 
 , ¶ 21,
 
 387 P.3d 956
 
 , 962-63, this Court set forth the requirement that the trial court had to hold an individualized sentencing hearing in all future cases where the State seeks to impose a sentence of life without the possibility of parole upon a defendant who was under eighteen (18) years of age at the time of the offense.
 
 [6]
 
 However, we take this opportunity to clear up several issues which remain unanswered in
 
 Luna
 
 and further establish the interim rules of procedure for these types of cases. We note that this Court was presented with a similar challenge when the United States Supreme Court held in
 
 Atkins v. Virginia
 
 ,
 
 536 U.S. 304
 
 ,
 
 122 S.Ct. 2242
 
 ,
 
 153 L.Ed.2d 335
 
 (2002), that mentally retarded individuals were no longer eligible for the death penalty. In
 
 Murphy v. State
 
 ,
 
 2002 OK CR 32
 
 ,
 
 54 P.3d 556
 
 , we were required to set out certain interim rules of procedure for the courts of this State until the Oklahoma Legislature acted to fill the gap in our procedure based upon the Supreme Court's holding in
 
 Atkins
 
 . While the Legislature ultimately adopted the procedure in
 
 Murphy
 
 , our decision was never intended to supplant the Legislative process but to give trial courts guidance until the Legislature acted.
 
 Murphy
 
 ,
 
 2002 OK CR 32
 
 , ¶ 30,
 
 54 P.3d at
 
 567 ; 21 O.S.Supp.2006, § 701.10b. Until such time as the Legislature addresses this matter, trial court practitioners should follow the procedure outlined herein.
 

 ¶33 In all future trials where the State intends to seek a sentence of life without the possibility of parole for an offender who committed his or her offense under the age of eighteen (18) years of age the State shall give notice of this fact by stating at the bottom of the Information in bold type: "
 
 The State is seeking the punishment of life without the possibility of parole for the offense of Murder in the First Degree, as Defendant (state last name here) is irreparably corrupt and permanently incorrigi
 

 ble.
 

 "
 
 See
 

 Parker v. State
 
 ,
 
 1996 OK CR 19
 
 , ¶ 24,
 
 917 P.2d 980
 
 , 986 (adopting notice pleading). Both parties shall be afforded full discovery on this issue in accordance with established discovery law. 22 O.S.2011, § 2001
 
 et seq.
 
 The assigned trial judge has the authority under our Discovery Code to issue any orders necessary to accomplish this task.
 

 ¶34 The Sixth Amendment demands that the trial necessary to impose life without parole on a juvenile homicide offender must be a trial by jury, unless a jury is affirmatively waived.
 
 Apprendi v. New Jersey
 
 ,
 
 530 U.S. 466
 
 , 490,
 
 120 S.Ct. 2348
 
 , 2362-63,
 
 147 L.Ed.2d 435
 
 (2000). The defendant's trial shall be bifurcated and the issue of the defendant's guilt shall be separately determined from the enhancement of his or her sentence.
 
 Cf.
 

 Mitchell v. State
 
 ,
 
 2011 OK CR 26
 
 , ¶ 119,
 
 270 P.3d 160
 
 , 186 (contrasting sentencing procedure where State seeks to enhance sentence); 22 O.S.2011, § 860.1 (statutory procedure for sentencing). The prohibition against the introduction of evidence in either aggravation or mitigation set forth in
 
 Malone v. State
 
 ,
 
 2002 OK CR 34
 
 ,
 
 58 P.3d 208
 
 , shall not be applicable to the sentencing proceeding in this type of case. Therefore, each party shall be afforded the opportunity to present evidence in support of its position as to punishment in the second stage of the trial. The trial court shall submit a special issue to the jury as to whether the defendant is irreparably corrupt and permanently incorrigible.
 
 Cf.
 
 21 O.S.2011, § 701.10b(F). Pending Legislative action the District Courts of the State are directed, in addition to the instruction set out in
 
 Luna
 
 , to use the instruction and verdict form attached as "Appendix A" at the conclusion of this Opinion.
 

 ¶35 It is the State's burden to prove, beyond a reasonable doubt, that the defendant is irreparably corrupt and permanently incorrigible.
 
 Luna
 
 ,
 
 2016 OK CR 27
 
 , ¶ 21 n. 11,
 
 387 P.3d at
 
 963 n. 11 ;
 
 see also
 

 Ring v. Arizona
 
 ,
 
 536 U.S. 584
 
 ,
 
 122 S.Ct. 2428
 
 ,
 
 153 L.Ed.2d 556
 
 (2002) (holding facts increasing punishment beyond the maximum authorized by a guilty verdict must be proven beyond a reasonable doubt). The State shall have the opportunity to present any evidence tending to establish this fact subject to the limitations of 12 O.S.2011, § 2403. Generally, this will include, but not be limited to, evidence concerning the defendant's: (1) sophistication and maturity; (2) capability of distinguishing right from wrong; (3) family and home environments; (4) emotional attitude; (5) pattern of living; (6) record and past history, including previous contacts with law enforcement agencies and juvenile or criminal courts, prior periods of probation and commitments to juvenile institutions; and (7) the likelihood of the defendant's rehabilitation during adulthood.
 
 See
 

 Luna
 
 ,
 
 2016 OK CR 27
 
 , ¶ 20,
 
 387 P.3d at
 
 962 ;
 
 Cf.
 
 10A O.S.2011, § 2-5-205(E).
 

 ¶36 Similarly, the defendant must be permitted to introduce relevant evidence concerning the defendant's youth and its attendant characteristics.
 
 Miller
 
 ,
 
 567 U.S. at 489
 
 ,
 
 132 S.Ct. at 2475
 
 ("[A] judge or jury must have the opportunity to consider mitigating circumstances before imposing the harshest possible penalty for a juveniles."). Generally, this will include, but not be limited to, evidence concerning the defendant's: "(1) chronological age and its hallmark features-among them, immaturity, impetuosity, and failure to appreciate risks and consequences; (2) the incompetencies associated with youth-for example, his inability to deal with police officers or prosecutors (including on a plea agreement) or his incapacity to assist his own attorneys; and (3) whether the circumstances suggest possibility of rehabilitation."
 
 Luna
 
 ,
 
 2016 OK CR 27
 
 , ¶ 20,
 
 387 P.3d at 962
 
 (quotations and citation omitted).
 

 ¶37 If the sentencer unanimously finds that the defendant is irreparably corrupt and permanently incorrigible it is then authorized to consider imposing a sentence of life without the possibility of parole. If the sentencer does not make this finding it is prohibited from considering a sentence of life without the possibility of parole and may only impose a sentence of life imprisonment.
 

 ¶38 The procedure for resentencing in the present case is slightly different. Since Petitioner's plea of guilty and conviction remain valid, the trial court need only conduct a new
 sentencing hearing in the present case. 22 O.S.2011, § 929(A). If the State does not agree to the modification of Petitioner's sentence then it shall file a notice pleading with the language set out in this opinion. The trial court shall schedule the matter for resentencing in accordance with both § 812.1 and § 929 of Title 22, and enter any orders which are necessary for the timely completion of discovery.
 

 ¶39 The trial court shall conduct resentencing pursuant to 22 O.S.2011, § 929 and follow the procedure outlined above for future cases as nearly as possible. Each party shall be afforded the opportunity to present evidence concerning, but not limited to, the factors set out above. The sentencer can consider the prior evidence documenting Petitioner's youthfulness, mental capacity, maturity, and likelihood of rehabilitation contained in the District Court file together with any additional evidence presented pursuant to
 
 Miller
 
 and
 
 Montgomery
 
 .
 
 See
 
 22 O.S.2011, § 929 (providing that "all exhibits and a transcript of all testimony and other evidence properly admitted in the prior trial and sentencing shall be admissible in [a] new sentencing proceeding.").
 

 ¶40 If the sentencer unanimously finds that Petitioner is irreparably corrupt and permanently incorrigible it is then authorized to consider imposing a sentence of life without the possibility of parole. If the sentencer does not make this finding it is prohibited from considering a sentence of life without the possibility of parole and may only impose a sentence of life imprisonment. Petitioner may solely appeal from the sentencer's determination of his sentence and may not challenge his conviction. 22 O.S.2011, § 1051, § 1066 ; Rule 1.2(A)(5),
 
 Rules of the Oklahoma Court of Criminal Appeals
 
 , Title 22, Ch.18, App. (2018).
 

 DECISION
 

 ¶41 The District Court erroneously concluded that Petitioner's negotiated guilty plea prevented
 
 Miller
 
 and
 
 Montgomery
 
 from applying to his sentence of life without the possibility of parole. Accordingly, the District Court's Order Denying Post-Conviction Relief is
 
 REVERSED.
 
 The Sentence of life without the possibility of parole is
 
 VACATED
 
 and the matter is
 
 REMANDED
 
 to the District Court for resentencing. Pursuant to Rule 3.15,
 
 Rules of the Oklahoma Court of Criminal Appeals
 
 , Title 22, Ch.18, App. (2018), the
 
 MANDATE
 
 is
 
 ORDERED
 
 issued upon the delivery and filing of this decision.
 

 APPENDIX A
 

 LIFE WITHOUT PAROLE PROCEEDINGS-JUVENILE OFFENDER
 

 Should you unanimously find that the State has proven the Defendant is irreparably corrupt and permanently incorrigible beyond a reasonable doubt, you are authorized to consider, but not required to impose, a sentence of life without the possibility of parole. If you do not unanimously find beyond a reasonable doubt that the State has proven the Defendant is irreparably corrupt and permanently incorrigible, you are prohibited from considering a sentence of life without the possibility of parole. In that event, the sentence must be imprisonment for life with the possibility of parole.
 

 VERDICT FORM
 

 LIFE WITHOUT PAROLE PROCEEDINGS-JUVENILE OFFENDER
 

 IN THE DISTRICT COURT OF THE ________ JUDICIAL DISTRICT OF
 

 THE STATE OF OKLAHOMA SITTING IN AND FOR _________ COUNTY
 

 THE STATE OF OKLAHOMA, Plaintiff,
 

 vs.
 

 JOHN DOE, Defendant
 

 Case No. ___________
 

 VERDICT (SECOND STAGE)
 

 COUNT 1-
 
 [CRIME CHARGED]
 

 We, the jury, empaneled and sworn in the above-entitled cause, do, upon our oaths, find as follows:
 

 [Check and complete only one.]
 

 ______ the Defendant is irreparably corrupt and permanently incorrigible and sentence the Defendant to ________________________________________.
 

 ______ Defendant is not irreparably corrupt and permanently incorrigible and sentence the Defendant to life with the possibility of parole.
 

 ________________________FOREPERSON
 

 LEWIS, P.J.: Concur
 

 HUDSON, J.: Specially Concurs
 

 KUEHN, J.: Concur
 

 ROWLAND, J.: Concur
 

 HUDSON, J., SPECIALLY CONCURS
 

 ¶1 I concur in today's decision but write separately because neither the jury instruction formulated in today's case, nor the instruction previously articulated in
 
 Luna v. State
 
 ,
 
 2016 OK CR 27
 
 , ¶ 21 n.11,
 
 387 P.3d 956
 
 , 963 n.11, provide any relatable explanation to jurors of the phrase "irreparable corruption and permanent incorrigibility." The Supreme Court in
 
 Montgomery v. Louisiana
 
 , 577 U.S. ----,
 
 136 S.Ct. 718
 
 ,
 
 193 L.Ed. 2d 599
 
 (2016) paraphrased this language with the statement that "a sentencer might encounter the rare juvenile offender who exhibits such irretrievable depravity
 
 that rehabilitation is impossible
 
 and life without parole is justified."
 
 Id
 
 .,
 
 136 S.Ct. at 733
 
 (emphasis added). The Supreme Court also observed in this context that "[t]hose prisoners who have shown
 
 an inability to reform
 
 will continue to serve life sentences."
 
 Id
 
 .,
 
 136 S.Ct. at 736
 
 (emphasis added).
 

 ¶2 This language from
 
 Montgomery
 
 provides an explanatory gloss for "irreparable corruption and permanent incorrigibility" to mean the defendant has shown an inability to reform and rehabilitation is impossible. Although my colleagues have declined to formulate further explanation of this type in the instructions, that does not mean trial judges should not use this or similar language when responding to what I believe will be inevitable questions from jurors concerning its meaning.
 
 [1]
 
 I have grave concerns that jurors will not know what they are being asked to do if additional explanation of this type is not provided in the instructions. We can only hope at this point that any Legislative action in this area will provide additional explanation beyond that set forth in the current instructions.
 

 The State charged Petitioner, Marcus Dewayne Stevens, and Michael Ray Goode conjointly in the murder. On August 31, 1994, Marcus Dewayne Stevens entered a negotiated guilty plea to the offense and the District Court sentenced him to imprisonment for life. On June 13, 1996, Michael Ray Goode entered a negotiated guilty plea to the offense and the District Court sentenced him to imprisonment for life.
 

 Both Petitioner and the State waived venue and the District Court also accepted Petitioner's plea of no contest to First Degree Murder in District Court of Oklahoma County Case No. CF-1994-5960. Pursuant to the plea agreement: the State dismissed the Bill of Particulars, dismissed District Court of Pottawatomie County Case Nos. CF-1994-118 and CF-1994-231, and recommended consecutive terms of imprisonment for life without the possibility of parole in each of the murder cases.
 

 Petitioner solely filed his second application in District Court of Canadian County Case No. CF-1994-90. He did not file the application in District Court of Oklahoma County Case No. CF-1994-5960 and seek relief concerning that conviction and sentence. Thus, Petitioner has not invoked the jurisdiction of this Court as to his conviction and sentence in the Oklahoma County case.
 

 The transcript of the plea hearing at which the District Court sentenced Petitioner is not within the record on appeal.
 

 Although the juvenile certification proceedings cannot take the place of the requisite individualized sentencing hearing, a sentencer's consideration of this type of evidence at an adult sentencing hearing is what is at the core of
 
 Miller
 
 .
 

 I maintain that the Supreme Court did not impose a formal fact-finding requirement in
 
 Miller
 
 but that this matter should be addressed by the Oklahoma Legislature.
 
 Luna v. State
 
 ,
 
 2016 OK CR 27
 
 , ¶ 2,
 
 387 P.3d 956
 
 , 963-64 (Lumpkin, V.P.J., concurring in part/dissenting in part).
 

 Oklahoma law contemplates supplemental instructions in response to juror questions during deliberations.
 
 See
 
 22 O.S.2011, § 894 (allowing for additional instruction during deliberations if there be a disagreement between the jurors as to any part of the testimony "or if they desire to be informed on a point of law arising in the cause[.]");
 
 Harris v. State
 
 ,
 
 2007 OK CR 28
 
 , ¶ 11,
 
 164 P.3d 1103
 
 , 1110 (trial court did not abuse its discretion in defining the words "probability" and "possibility" in response to juror's request during deliberations);
 
 Cohee v. State
 
 ,
 
 1997 OK CR 30
 
 , ¶ 2,
 
 942 P.2d 211
 
 , 215 (trial court should attempt to answer the jury's questions as fully as the law permits while using clear and plain language);
 
 Milam v. State
 
 ,
 
 1923 OK CR 230
 
 ,
 
 24 Okl.Cr. 247
 
 , 259,
 
 218 P. 168
 
 , 172 ("If it becomes necessary to give additional instructions to the jury after the original written instructions have been given, they should also be reduced to writing and properly numbered and filed, in the same manner as those originally given."). Whether the trial court answers a jury question is, of course, left to the trial court's broad discretion.
 
 Smallwood v. State
 
 ,
 
 1995 OK CR 60
 
 , ¶¶ 83-84,
 
 907 P.2d 217
 
 , 238 ;
 
 Boling v. State
 
 ,
 
 1979 OK CR 11
 
 , ¶ 4,
 
 589 P.2d 1089
 
 , 1091.