William Hobart DOBBS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-15251.

Court of Criminal Appeals of Oklahoma.

July 30, 1970.

Bill Hall, Pawhuska, Osage Legal Aid Society, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., Robert D. Nelon, Legal Intern, for defendant in error.

BUSSEY, Judge.

This is a post conviction appeal from a judgment and sentence rendered against William Hobart Dobbs, hereinafter referred to as defendant, on a plea of guilty to the crime of Rape in the First Degree, Second Offense, in the District Court of Osage County, Case No. 3651, on the 29th day of December, 1942.

From the record it appears that the defendant, after having waived preliminary hearing, appeared in District Court for arraignment without counsel and after being thoroughly and meticulously advised of his rights and his right to have counsel appointed for him, stated that he did not wish to be represented by counsel. Thereupon, the court meticulously advised him of his rights according to the minutes made and entered as a part of the official court records and further advised the defendant of the punishment which could be imposed for the offense. The defendant then freely and voluntarily entered a plea of guilty with full knowledge of the nature and consequence of such plea. After receiving evidence in aggravation of the offense, the court asked the defendant if he had anything to present; whereupon he responded that he had nothing. Although the County Attorney recommended that the death sentence be imposed, the court sentenced the defendant to life imprisonment in the state penitentiary.

■ It is first contended that the trial court erred in failing to appoint counsel to represent the defendant and grant him a jury trial.[1] In the light of the record before us we are of the opinion that the defendant freely and voluntarily waived his right to counsel and to a jury trial and entered a plea of guilty with full knowledge of the nature and consequence of such plea. It is well settled, as we stated in the fourth paragraph of the Syllabus of Huggins v. State, Okl.Cr., 388 P.2d 341, that:

"Where the record affirmatively shows that an accused knew and understood his right to counsel and competently and intelligently waived this right and entered a plea of guilty, with full knowledge of the consequences of such plea, the require-

---

1. Long before the Federal Courts recognized the right of an indigent to be represented by court-appointed counsel, it was a well established rule of the courts of this state that an indigent, charged with a felony, was entitled to the appointment of counsel; however, the precise question in the instant case is whether the defendant knowingly and intelligently waived this right.

ments of the Fourteenth Amendment of the Constitution of the United States making obligatory the provisions of the Sixth Amendment of the Constitution of the United States upon the states have been fully complied with * * *."

We are of the opinion that the first assignment of error is without merit.

 It is next contended that since the State failed to provide a list of the witnesses to the defendant at the time of his arraignment, he was denied his statutory and constitutional rights. Article II, § 20 of the Oklahoma Constitution, states in pertinent part:

> "[I]n capital cases, at least two days before the case is called for trial, he shall be furnished with a list of witnesses that will be called in chief to prove the allegations of the indictment or information, together with their post office addresses."

Under the above provision it is established that a defendant charged with a capital offense is entitled to a list of witnesses at least two days before trial in order to properly prepare his defense and be apprised of the witnesses appearing against him. Had the defendant, in the instant case, elected to proceed to trial, he would have been entitled to a list of witnesses at least two days prior to trial, but when he entered a plea of guilty with full knowledge of the nature and consequence of such plea, he relinquished and waived his right to a jury trial, thus obviating the necessity of the State providing him with a list of witnesses.

 It is lastly contended that the trial court erred in imposing judgment and sentence on the day the defendant entered his plea of guilty. It is readily apparent from the record before us that no request was made by the defendant for the delay of sentencing and since he had previously waived the twenty-four hour period within which to enter his plea to the Information, we can reasonably infer that the defendant desired to dispose of the case pending against him in a single proceeding.

Finding nothing in the record before us requiring modification or reversal of the judgment and sentence rendered in Osage County District Court Case No. 3651, we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BRETT, P. J., and NIX, J., concur.