JOHNSON v. ELLIOTT



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:JOHNSON v. ELLIOTT

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 JOHNSON v. ELLIOTT
2019 OK CR 9
Case Number: PR-2018-1203
Decided: 05/24/2019
JESSE ALLEN JOHNSON, Petitioner v. THE HONORABLE RAY C. ELLIOTT, JUDGE OF THE DISTRICT COURT, THE STATE OF OKLAHOMA, Respondent.
Cite as: 2019 OK CR 9, __ __

 

 

ORDER GRANTING APPLICATION FOR
EXTRAORDINARY RELIEF AND REMANDING
MATTER TO DISTRICT COURT

¶1 On November 29, 2018, Petitioner, by and through counsel Melissa A. French, filed an application for an extraordinary writ in this Court from Oklahoma County District Court Case No. CF-2005-5714. Petitioner seeks an extraordinary writ to prohibit the Honorable Ray C. Elliott, District Judge, from resentencing him without empaneling a jury pursuant to 22 O.S.2011, § 929. Petitioner submits the District Court cannot legally sentence him without first empaneling a jury pursuant to the Mandate issued in Jesse Allen Johnson v. State of Oklahoma, Appeal No. PC 2017-755, issued May 22, 2018.

¶2 Petitioner, age seventeen, entered a blind plea of guilty on November 29, 2006, to First Degree Murder. He was sentenced to life imprisonment without the possibility of parole. Petitioner's certiorari appeal to this Court was affirmed in a Summary Opinion issued October 3, 2007, Appeal No. C-2007-83.

¶3 Citing Miller v. Alabama, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), Montgomery v. Louisiana, 577 U.S. ____, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), and Luna v. State, 2016 OK CR 27, 387 P.3d 956, Petitioner filed a post-conviction application in the District Court on March 13, 2017, alleging that because he was a minor at the time he was sentenced, the imposition of a life without parole sentence was unconstitutional. The denial of Petitioner's post-conviction application was appealed to this Court. In an Order issued May 22, 2018, Appeal No. PC 2017-0755, Petitioner's sentence of life without parole was vacated and the matter was remanded to the District Court for resentencing.

¶4 On August 27, 2018, Petitioner filed in the District Court a request for a jury trial on resentencing to which the State objected. A hearing was held before Judge Elliott on October 18, 2018. Judge Elliott denied Petitioner's request for a jury resentencing as he found Petitioner waived his right to sentencing by a jury when Petitioner entered his blind plea of guilty in 2006. Petitioner is seeking extraordinary relief from this Court to reverse the order denying jury resentencing.

¶5 For a writ of prohibition Petitioner must establish that (1) a court, officer or person has or is about to exercise judicial or quasi-judicial power; (2) the exercise of said power is unauthorized by law; and (3) the exercise of said power will result in injury for which there is no other adequate remedy. Rule 10.6(A), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2019).

¶6 In Stevens v. State, 2018 OK CR 11, ¶¶ 31, 38-40, 422 P.3d 741, 749-751, the District Court's order denying post-conviction relief was reversed by this Court, the matter was remanded to the District Court for resentencing, and the procedures for conducting said resentencing were established. As in the present case where Petitioner entered a plea of guilty and was sentenced to life without the possibility of parole for First Degree Murder, Stevens was sentenced to life without the possibility of parole when he entered a negotiated plea of guilty in 1996 to First Degree Murder. Stevens directs that the trial court shall schedule the matter for resentencing in accordance with both Sections 812.1 and 929 of Title 22 and to conduct resentencing pursuant to Section 929 of Title 22.

¶7 Section 929(C) directs that if a written request for a jury trial is filed within twenty days of the date of the appellate court order, the trial court shall impanel a new jury for a new sentencing proceeding. This means there is no judicial discretion in whether or not a judge proceeds with a jury for resentencing. If the State or defendant files a request, but is outside the twenty days, then the trial court must utilize Section 929(B).

¶8 Allowing for a discretionary decision, Section 929(B) directs that when a criminal case is remanded for vacation of a sentence, the trial court may (1) set the case for a nonjury sentencing proceeding; or (2) if the defendant or the prosecutor so requests in writing, impanel a new sentencing jury. In this case, a written request for a jury trial was not filed within twenty days from the date of this Court's Order granting post-conviction relief. Thus, Section 929(C)'s mandatory language is not at issue, and the judge correctly used Section 929(B) in making a decision.

¶9 Section 929(B) gives the trial judge the discretion to impanel a jury if requested or to set the case for nonjury sentencing. In making his decision, Judge Elliott denied Petitioner's request for jury trial resentencing based upon a finding that Petitioner waived his right to sentencing by a jury when he entered his blind plea in 2006.

¶10 This finding is contrary to our decision in Stevens. Petitioner did not waive his rights under Miller when he entered his guilty plea. Stevens, 2018 OK CR 11, ¶ 23, 422 P.3d at 748. The Sixth Amendment demands that the trial necessary to impose life without parole on a juvenile homicide offender must be a trial by jury, unless a jury is affirmatively waived. Stevens, 2018 OK CR 11, ¶ 34, 422 P.3d at 750. Petitioner's waiver of his right to jury trial in 2006 was not an affirmative waiver of his rights to a jury on sentencing that he now possesses under Miller.

¶11 Therefore, we find this holding is an abuse of discretion as it is contrary to this Court's holding in Stevens. Petitioner has met his burden for an extraordinary writ. The trial court's denial of Petitioner's request for jury trial resentencing based upon waiver is VACATED, and the matter is REMANDED to the trial court for a decision using his discretion under the directives in Stevens v. State, 2018 OK CR 11, ¶¶ 38-39, 422 P.3d 741, 750-751, in determining which resentencing procedure pursuant to Section 929 of Title 22 is appropriate. Petitioner's pleas of guilty and convictions remain constitutionally valid.

¶12 The Clerk of this Court is directed to transmit a copy of this Order to the Honorable Ray C. Elliott, District Judge, as well as the parties.

¶13 IT IS SO ORDERED.

¶14 WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 24th day of May, 2019.

/S/DAVID B. LEWIS, Presiding Judge

/S/DANA KUEHN, Vice Presiding Judge

/S/GARY L. LUMPKIN, Judge

/S/ROBERT L. HUDSON, Judge
- Dissent (Writing Attached)

/S/SCOTT ROWLAND, Judge
I dissent by separate writing.

ATTEST:
/s/John D. Hadden
Clerk

 

 

HUDSON, J., DISSENTING:

¶1 I join Judge Rowland in his dissenting opinion. I write separately to emphasize the need to clarify Stevens v. State, 2018 OK CR 11, ¶¶ 34-40, 422 P.3d 741, 750-51, to the extent it implies that the Sixth Amendment demands jury sentencing despite a prior, valid waiver of that right. The advent of Miller and Montgomery did not create any new constitutional right to jury sentencing under the Sixth Amendment that necessitates the restoration of that right once affirmatively waived. As Judge Rowland observes, both Montgomery and Miller reference judge sentencing.

¶2 Moreover, the Majority misinterprets and applies 22 O.S.2011, § 929. The Majority overlooks pivotal language contained in Sections 929(B)(2) and 929(C), which each reference impaneling a new jury. Section 929(B)(2) provides the trial court may "impanel a new sentencing jury" if the defendant or the prosecutor so request in writing. (emphasis added). Section 929(C) states, "[i]f a written request for a jury trial is filed within twenty (20) days of the date of the appellate court order, the trial court shall impanel a new jury for the purpose of conducting a new sentencing proceeding." (emphasis added). To "impanel a new jury[,]" it is axiomatic that the original sentencing proceeding was a jury sentencing.[1] There can be no other interpretation. This language is clear and unambiguous. See State v. Cooper, 2018 OK CR 40, ¶ 11, 434 P.3d 951, 954 (rules outlining statutory interpretation, including construing statutes according to the plain and ordinary meaning of their language and giving effect to legislative intent). Therefore, if jury sentencing was validly waived during the original proceedings, § 929 does not entitle the defendant to jury sentencing upon remand from this Court. Judge Elliott's denial of Petitioner's request for jury trial resentencing on grounds that Petitioner waived his right to jury sentencing when he entered his blind plea in 2006 was thus not an abuse of discretion.

¶3 For these reasons and those espoused from Judge Rowland's dissenting opinion, I dissent.

FOOTNOTES

[1] This interpretation is supported by and consistent with 21 O.S.2011, § 701.10a relating to resentencing in death penalty cases, which specifically provides that the prosecutor may only "move the trial court to impanel a new sentencing jury . . . provided[ ] the original sentencing proceeding was conducted before a jury[.]" 21 O.S.2011, § 701.10a(1)(b) (emphasis added).

 

 

ROWLAND, JUDGE, DISSENTING: 

¶1 I respectfully dissent from today's Order. The majority finds Judge Elliott abused his discretion by entering an order he clearly had the authority and discretion to enter. In my view, Judge Elliott got it right. In Stevens v. State, 2018 OK CR 11, ¶¶ 33-40, 422 P.3d 741, 749-51, we established procedures for conducting the individualized sentencing hearing required by the United States Supreme Court before a juvenile homicide offender may be sentenced to life imprisonment without the possibility of parole (LWOP). See Montgomery v. Louisiana, 577 U.S.___, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016); Miller v. Alabama, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012). When this Court ordered resentencing for Stevens, who is not only a juvenile homicide offender previously sentenced to LWOP but also Johnson's co-defendant, we directed the district court to follow the dictates in 22 O.S.2011, § 929. Stevens, 2018 OK CR 11, ¶ 38, 422 P.3d at 751. The trial judge, under Section 929, has discretion whether to impanel a jury, unless a written request for jury sentencing is filed within twenty days of the appellate court's remand order, in which case jury sentencing is mandatory. 22 O.S.2011, § 929 (B) & (C). Johnson filed his request for jury sentencing sixty-five days after this Court issued its remand order, and Judge Elliott denied his request upon finding that Johnson had waived his right to jury sentencing, along with other trial rights, when he entered his knowing and voluntary blind plea of guilty.

¶2 Therein lies the rub: Judge Elliott exercised his discretion based upon his sound belief that Johnson's 2006 guilty plea, including his waiver of jury trial, remained intact. While the majority correctly holds that Johnson did not waive his rights under Miller/Montgomery to an individualized sentencing proceeding because that case had yet to be decided, it misapprehends the constitutional requirements for such a proceeding. Neither Miller nor Montgomery created any new constitutional right to jury sentencing under the Sixth Amendment or provided for restoration of that right once waived. The right to be free from cruel and unusual punishments is as old as the Bill of Rights itself. U.S. Const., amend. VIII; Okla. Const., art. 2, § 9. Miller and Montgomery merely extended the age-old protections of the Eighth Amendment to forbid the imposition of a sentence of LWOP on juvenile homicide offenders unless certain factors are proved beyond a reasonable doubt.

¶3 Even were Johnson's right to jury sentencing somehow restored despite his 2006 waiver, the fact remains that he did not act to enforce this right by timely filing his written request as required by Section 929 (C). Thus, even after the issuance of this writ, Judge Elliott retains discretion to once again deny Johnson's request for jury sentencing so long as he does not base his denial upon his opinion that Johnson's earlier waiver remains valid.

¶4 It is undisputed Johnson knowingly and voluntarily waived his right to jury trial and sentencing twelve years ago when he pled guilty to First Degree Murder and received his LWOP sentence. This Court rejected his attempt to withdraw that plea in a certiorari appeal, noting that "[t]his was an extensive guilty plea hearing and sentencing with many witnesses. The trial judge was especially thorough, explained the process to Petitioner, and ensured Petitioner was thoroughly advised as to all facets of the plea." Johnson v. State, Case No. C-2007-0083 (unpublished)(Okla. Crim. App., Oct. 3, 2007). 

¶5 Nothing in the Supreme Court's or this Court's Eighth Amendment jurisprudence concerning juveniles sentenced to LWOP (Montgomery, Miller, Luna or Stevens) suggests these cases operate to revive an otherwise validly waived right to jury sentencing. Nor do these cases require the constitutionally-mandated individualized sentencing proceeding be held before a jury, and in fact both Supreme Court cases specifically refer to a sentencing judge. Montgomery, 136 S.Ct. at 733 ("Miller requires that before sentencing a juvenile to life without parole, the sentencing judge take into account "how children are different...."); Miller, 567 U.S. at 489, 132 S.Ct. at 2475 ("Graham, Roper, and our individualized sentencing decisions make clear that a judge or jury must have the opportunity to consider mitigating circumstances before imposing the harshest possible penalty for juveniles.")

¶6 In Stevens, we set forth guidelines for a broad category of cases, without specifically addressing whether a previous, valid waiver of jury trial and sentencing was restored by Miller, Montgomery, Luna, and/or Stevens. I believe we should clarify our opinion in Stevens and hold that if jury sentencing was validly waived during the original plea, the defendant is not entitled to jury sentencing upon remand from this Court.

¶7 Although Oklahoma's statutory right to jury sentencing creates a federal liberty interest under the Fourteenth Amendment, Hicks v. Oklahoma, 447 U.S. 343, 346, 100 S.Ct. 2227, 2229, 65 L.Ed.2d 175 (1980), there is no federal constitutional right to jury sentencing under the Sixth Amendment. Clemons v. Mississippi, 494 U.S. 738, 746, 110 S.Ct. 1441, 1447, 108 L.Ed.2d 725 (1990). Notably, the Supreme Court said in Clemons that there would be no violation of the Sixth Amendment right to jury trial where an appellate court invalidated one of two aggravating circumstances sustaining a death sentence at trial and affirmed the death sentence on appeal after reweighing the aggravating and mitigating circumstances itself instead of remanding the case for jury sentencing. Id. at 745, 110 S.Ct. at 1446. Given that the United States Constitution does not mandate a capital sentencing proceeding be held before a jury for the reweighing of sentencing factors, I find it likewise does not require jury sentencing in a Stevens/Luna hearing if that right has been previously waived.

¶8 Nor do I find jury resentencing mandated by the applicable Oklahoma statute. Section 929 controls when "the appellate court" finds prejudicial error only with respect to the sentencing proceeding and remands the case to the district court for vacation of the imposed sentence and resentencing. Johnson knowingly and voluntarily pled guilty to First Degree Murder to avoid a jury trial. A defendant who enters a voluntary guilty plea waives his constitutional rights, including the right to jury trial and all non-jurisdictional defects. See Lewis v. State, 2009 OK CR 30, ¶ 4, 220 P.3d 1140, 1142; Huddleston v. State, 1985 OK CR 12, ¶ 12, 695 P.2d 8, 10; Dobbs v. State, 1970 OK CR 124, ¶ 6, 473 P.2d 260, 262. The cases dealing with juvenile homicide offenders sentenced to LWOP simply do not create, as the majority finds, any new constitutional right to jury trial which has yet to be waived. And, although Johnson is undoubtedly entitled to a new individualized sentencing hearing before he can be sentenced to LWOP, he is not entitled to a new sentencing entity, namely a jury. For these reasons, I dissent.

¶9 I am authorized to state that Judge Hudson joins in this dissent.

 

 

 






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 2009 OK CR 30, 220 P.3d 1140, LEWIS v. STATE
Discussed
 2016 OK CR 27, 387 P.3d 956, LUNA v. STATE
Discussed
 2018 OK CR 11, 422 P.3d 741, STEVENS v. STATE
Discussed at Length
 2018 OK CR 40, 434 P.3d 951, STATE v. COOPER
Discussed
 1970 OK CR 124, 473 P.2d 260, DOBBS v. STATE
Discussed
 1985 OK CR 12, 695 P.2d 8, HUDDLESTON v. STATE
Discussed
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 701.10a, Death Penalty Sentencing Procedure Upon Remand - Evidence - Applicability - Construction
Discussed
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 929, Remanding Case for Vacation of Sentence-Nonjury Sentencing Proceeding-Construction
Discussed at Length


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA