WHITE v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:WHITE v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 WHITE v. STATE
2021 OK CR 29
Case Number: PC-2019-967
Decided: 10/07/2021
STEVEN ANTONIO WHITE, Petitioner v. THE STATE OF OKLAHOMA, Respondent
Cite as: 2021 OK CR 29, __ __

 

 

OPINION DENYING SECOND APPLICATION
FOR POST-CONVICTION RELIEF

HUDSON, VICE PRESIDING JUDGE:

¶1 Petitioner, Steven Antonio White, appeals to this Court from an order of the District Court of Tulsa County denying his second application for post-conviction relief in Case No. CF-1996-1140. In that case, Petitioner was charged with one count of Murder in the First Degree (Count 1) and two counts of Shooting With Intent to Kill (Counts 2--3). The State filed a Bill of Particulars to seek the death penalty for Count 1. Petitioner was convicted by a jury of all three counts and was sentenced in accordance with the jury's verdicts to life imprisonment without the possibility of parole for Count 1, and life imprisonment for each of Counts 2 and 3, with the sentences ordered to run consecutively. Petitioner appealed to this Court and his Judgment and Sentence was affirmed. White v. State, No. F-1998-792, slip op. (Okl.Cr. Jan. 11, 2000) (unpublished). Petitioner previously filed an original application for post-conviction relief that was denied by the District Court on October 15, 2013, and that was not appealed to this Court.

¶2 In his second application for post-conviction relief filed in the District Court, Petitioner argued his sentence of life without parole is unconstitutional and subject to collateral attack. Petitioner was a juvenile when he committed his offenses and now claims his life without parole sentence must be vacated unless he receives an individualized sentencing hearing consistent with the Eighth Amendment protection against cruel and unusual punishment. See Montgomery v. Louisiana, 577 U.S. 190 (2016); Miller v. Alabama, 567 U.S. 460 (2012); see also Stevens v. State, 2018 OK CR 11, 422 P.3d 741; Luna v. State, 2016 OK CR 27, 387 P.3d 956.

¶3 The Honorable Dawn Moody, District Judge, denied Petitioner's second post-conviction relief application on grounds that the second stage proceedings conducted during Petitioner's capital murder trial included a sufficient presentation of evidence relevant to Petitioner's youth and its attendant circumstances to satisfy the burden called for by the Eighth Amendment under Montgomery and Miller. The District Court conducted a thorough evaluation of the evidence presented at Petitioner's trial and determined that any resentencing hearing would constitute an uncalled for redundancy.

¶4 In Jones v. Mississippi, 593 U.S. ___, 141 S. Ct. 1307 (2021), the United States Supreme Court clarified that Miller and Montgomery held the Eighth Amendment mandates "'only that a sentencer follow a certain process--considering an offender's youth and attendant characteristics--before imposing' a life-without-parole sentence." Id. at 1316 (quoting Miller, 567 U.S. at 483). "[Y]outh matters in sentencing" and Miller and Montgomery prohibit mandatory life-without-parole sentences for defendants who commit homicide before the age of 18. Jones, 141 S. Ct. at 1314. The Court in Jones emphasized that Miller and Montgomery require only "that a sentencer must have discretion to consider youth before imposing a life-without-parole sentence, just as a capital sentencer must have discretion to consider other mitigating factors before imposing a death sentence." Id. at 1316. However, no separate finding of incorrigibility need be made before imposing a life-without-parole sentence. Id. at 1316, 1318-19. 

¶5 In the sentencing context, youth and its attendant characteristics are sentencing factors akin to mitigating circumstances in the capital sentencing process, "not an eligibility criterion" or "a factual prerequisite to a life-without-parole sentence." Id. at 1315, 1316 n.3. This is why no separate factual findings are needed concerning a juvenile murder defendant's youth in the sentencing process. Id. at 1316. The sentencer must consider youth and its attendant characteristics in determining the appropriate punishment. Id. However, no separate findings or explanations by the sentencer are required concerning this sentencing factor to comply with the federal constitution. Id. at 1315, 1319-21.

¶6 Jones interprets Miller, and thus Montgomery, as holding that the Eighth Amendment permits a life-without-parole sentence for a defendant who committed a homicide when he or she was under 18, only if the sentence is not mandatory and the sentencer therefore has discretion to impose a lesser punishment. See id. at 1322. "In a case involving an individual who was under 18 when he or she committed a homicide, a State's discretionary sentencing system is both constitutionally necessary and constitutionally sufficient." Id. at 1313. Jones specifically found that Oklahoma is one of fifteen States that use such a discretionary sentencing regime. Id. at 1318 n.5.

¶7 In the present case, Petitioner was sentenced to life without parole under a discretionary sentencing system that was constitutionally sufficient. See Jones, 141 S. Ct. at 1313, 1318 n.5. Petitioner's life-without-parole sentence complied with the Eighth Amendment "because the sentence was not mandatory and the [sentencer] had discretion to impose a lesser punishment in light of [Petitioner's] youth." Id. at 1322. The jury in this case considered a plethora of evidence at Petitioner's capital murder trial relating to his youth and its attendant circumstances; other mitigating circumstances relating to Petitioner's background and family history; testimony from experts concerning Petitioner's psychological development as an adolescent, mental illness and prospects for future dangerousness; and, of course, evidence concerning the nature of Petitioner's crimes. The life-without-parole sentence imposed in this case was made only after Petitioner's jury considered these various sentencing factors. The sentencing phase of Petitioner's capital murder trial unquestionably provided him with the individualized sentencing proceeding required by the Eighth Amendment as interpreted in Miller, Montgomery and Jones. Petitioner's claim on post-conviction is therefore denied.

* * * * *

¶8 In Luna and Stevens, this Court attempted to interpret and comply with the dictates of Montgomery and Miller. After Jones, it is clear that Luna and Stevens exceeded the requirements of the Eighth Amendment for sentencing juvenile murder defendants. We therefore expressly overrule both Luna v. State, 2016 OK CR 27, 387 P.3d 956, and Stevens v. State, 2018 OK CR 11, 422 P.3d 741, to the extent these decisions are inconsistent with Jones. To comply with Jones in future cases, we set forth the following requirements going forward for all cases involving juvenile murder defendants when the sentence of life without parole is sought by the State. If and until such time as the Legislature addresses this matter, the bench and bar should follow the procedures outlined herein.

1. Notice and Discovery 

¶9 The notice and discovery provisions previously mandated by this Court for proceedings in which the State is seeking a life-without-parole sentence for juvenile murder defendants shall remain in full force and effect with one modification. The prosecutor's notice shall now recite simply that: "The State is seeking the punishment of life without the possibility of parole against the Defendant for the offense of Murder in the First Degree, pursuant to Miller v. Alabama, 567 U.S. 460 (2012), Montgomery v. Louisiana, 577 U.S. 190 (2016) and Jones v. Mississippi, 593 U.S. ___, 141 S. Ct. 1307 (2021)."

¶10 Overlaying this modification into our prior holding from Stevens, we mandate the following notice and discovery requirements in toto:

In all future trials where the State intends to seek a sentence of life without the possibility of parole for an offender who committed his or her offense under the age of eighteen (18) years of age the State shall give notice of this fact by stating at the bottom of the Information in bold type: ["The State is seeking the punishment of life without the possibility of parole against the Defendant for the offense of Murder in the First Degree, pursuant to Miller v. Alabama, 567 U.S. 460 (2012), Montgomery v. Louisiana, 577 U.S. 190 (2016) and Jones v. Mississippi, 593 U.S. ___, 141 S. Ct. 1307 (2021)."] Both parties shall be afforded full discovery on this issue in accordance with established discovery law. 22 O.S.2011, § 2001 et seq. The assigned trial judge has the authority under our Discovery Code to issue any orders necessary to accomplish this task.

Stevens, 2018 OK CR 11, ¶ 33, 422 P.3d at 749-750 (alteration in original as stated above).

¶11 These notice and discovery requirements shall apply regardless of whether the defendant's case is ultimately tried to a jury, to the bench without a jury or whether the defendant enters a blind plea of guilty or no contest.

2. Bifurcated Jury Trials 

¶12 Unless a jury is affirmatively waived, juvenile murder defendants facing a sentence of life without parole must continue to receive a bifurcated sentencing proceeding before a jury as previously authorized. See Stevens, 2018 OK CR 11, ¶ 34, 422 P.3d at 750. This is consistent with the holding in Jones that Miller, and thus the Eighth Amendment, requires "a sentencing procedure similar to the procedure that this Court has required for the individualized consideration of mitigating circumstances in capital cases[.]" Jones, 141 S. Ct. at 1315. Jones too emphasized that:

On the question of what Miller required, Montgomery was clear: "A hearing where youth and its attendant characteristics are considered as sentencing factors is necessary to separate those juveniles who may be sentenced to life without parole from those who may not."

Jones, 141 S. Ct. at 1317-18 (quoting Montgomery, 577 U.S. at 210).

¶13 We therefore reaffirm that, unless a jury is affirmatively waived:

The defendant's trial shall be bifurcated and the issue of the defendant's guilt shall be separately determined from the enhancement of his or her sentence. Cf. Mitchell v. State, 2011 OK CR 26, ¶ 119, 270 P.3d 160, 186[, overruled on other grounds, Nicholson v. State, 2018 OK CR 10, 421 P.3d 890] (contrasting sentencing procedure where State seeks to enhance sentence); 22 O.S.2011, § 860.1 (statutory procedure for sentencing). The prohibition against the introduction of evidence in either aggravation or mitigation set forth in Malone v. State, 2002 OK CR 34, 58 P.3d 208, shall not be applicable to the sentencing proceeding in this type of case. Therefore, each party shall be afforded the opportunity to present evidence in support of its position as to punishment in the second stage of the trial.

Stevens, 2018 OK CR 11, ¶ 34, 422 P.3d at 750.

¶14 The State may continue to present relevant evidence in this context supportive of its position that the life-without-parole sentence is appropriate. Id., 2018 OK CR 11, ¶ 35, 422 P.3d at 750. As we held in Stevens:

Generally, this will include, but not be limited to, evidence concerning the defendant's: (1) sophistication and maturity; (2) capability of distinguishing right from wrong; (3) family and home environments; (4) emotional attitude; (5) pattern of living; (6) record and past history, including previous contacts with law enforcement agencies and juvenile or criminal courts, prior periods of probation and commitments to juvenile institutions; and (7) the likelihood of the defendant's rehabilitation during adulthood.

Id. 

¶15 "[T]he defendant must be permitted to introduce relevant evidence concerning the defendant's youth and its attendant circumstances." Id., 2018 OK CR 11, ¶ 36, 422 P.3d at 750. As we held in Stevens:

Generally, this will include, but not be limited to, evidence concerning the defendant's: "(1) chronological age and its hallmark features--among them, immaturity, impetuosity, and failure to appreciate risks and consequences; (2) the incompetencies associated with youth--for example, his inability to deal with police officers or prosecutors (including on a plea agreement) or his incapacity to assist his own attorneys; and (3) whether the circumstances suggest possibility of rehabilitation." Luna, 2016 OK CR 27, ¶ 20, 387 P.3d at 962 (quotations and citation omitted).

Id.

¶16 Consistent with Jones, the District Courts of this State are directed to use the modified version of the OUJI-CR (2d) 4-87B instruction as set forth in "Appendix A" attached to this opinion. We further hold that the OUJI-CR (2d) 4-87C and OUJI-CR (2d) 4-87C-1 instructions along with the OUJI-CR (2d) 4-87D verdict form are all hereby stricken and shall not be used going forward. The verdict form set forth in "Appendix B" attached to this opinion shall be used in all future first degree murder cases involving juvenile life-without-parole sentencing. In light of Jones, the State no longer has the burden under the federal constitution of proving a juvenile defendant is irreparably corrupt and permanently incorrigible beyond a reasonable doubt. Jones makes clear that such is neither an eligibility factor nor a factual predicate to a life-without-parole sentence but, instead, is a mere sentencing factor. Jones, 141 S. Ct. at 1316-21. The sentencer is also no longer required to make specific factual findings in this regard or to otherwise provide any on-the-record sentencing explanation beyond the actual sentence recommended or imposed. Id.

3. Non-Jury Sentencing--Bench Trials 

¶17 In cases tried to the bench without a jury, the State may seek a life-without-parole sentence against a juvenile murder defendant using the same bifurcated sentencing procedures prescribed for cases being tried to juries. The notice and discovery provisions discussed above shall apply. The prohibition against the introduction of evidence in either aggravation or mitigation set forth in Malone v. State, 2002 OK CR 34, 58 P.3d 208, shall not apply and each party shall be afforded the opportunity to present evidence in support of its position as to punishment in the second stage of the bench trial. As with jury trials, "the defendant must be permitted to introduce relevant evidence concerning the defendant's youth and its attendant characteristics." Stevens, 2018 OK CR 11, ¶ 36, 422 P.3d at 750. Likewise, the State may present evidence in aggravation supporting its view that a life-without-parole sentence is appropriate.

¶18 Consistent with Jones, the trial court shall consider, in determining the proper sentence, the defendant's youth and youth-related characteristics, as well as any other aggravating and mitigating circumstances, along with the nature of the crime committed. The trial court is not required to make specific findings concerning incorrigibility or provide an on-the-record sentencing explanation. However, the trial court should acknowledge in its ruling the discretion it has to impose a sentence less than life without parole pursuant to Miller, Montgomery and Jones based on the youth-related sentencing factors at issue in the case.

4. Non-Jury Sentencing--Blind Pleas 

¶19 In cases where a jury trial is waived because a juvenile murder defendant enters a blind plea of guilty or no contest, the same notice, discovery and bifurcated sentencing procedures prescribed for bench trials shall apply when the State seeks a sentence of life without parole.

5. Resentencing 

¶20 Finally, in those cases warranting resentencing because, for whatever reason, the sentencer did not consider a juvenile murderer's youth, Jones makes clear that Miller and Montgomery do not demand jury resentencing. Jones, 141 S. Ct. at 1316 n.3. Our previous holdings to the contrary are hereby expressly overruled. See Johnson v. Elliott, 2019 OK CR 9, ¶ 10, 457 P.3d 1089, 1091, certiorari granted and judgment vacated by Oklahoma v. Johnson, 2021 WL 1725141 (U.S. May 3, 2021); Stevens, 2018 OK CR 11, ¶ 34, 422 P.3d at 750. The Sixth Amendment requirement of right to jury trial is not applicable in these cases. Whether a juvenile murder defendant is entitled to jury resentencing is governed solely by Oklahoma law, specifically, 22 O.S.2011, §§ 812.1 and 929.

¶21 The notice, discovery and bifurcated sentencing procedures discussed above shall apply to resentencing proceedings of this type whether tried to a jury or to the bench without a jury. As we held in Stevens:

The procedure for resentencing . . . is slightly different. Since Petitioner's . . . conviction remain[s] valid, the trial court need only conduct a new sentencing hearing[.] 22 O.S.2011, § 929(A). If the State does not agree to the modification of Petitioner's sentence then it shall file a notice pleading with the language set out [above]. The trial court shall schedule the matter for resentencing in accordance with both § 812.1 and § 929 of Title 22, and enter any orders which are necessary for the timely completion of discovery.

The trial court shall conduct resentencing pursuant to 22 O.S.2011, § 929[.] Each party shall be afforded the opportunity to present evidence concerning, but not limited to, the factors set out above. The sentencer can consider the prior evidence documenting Petitioner's youthfulness, mental capacity, maturity, and likelihood of rehabilitation contained in the District Court file together with any additional evidence presented pursuant to Miller and Montgomery. See 22 O.S.2011, § 929 (providing that "all exhibits and a transcript of all testimony and other evidence properly admitted in the prior trial and sentencing shall be admissible in [a] new sentencing proceeding.").

Stevens, 2018 OK CR 11, ¶¶ 38-39, 422 P.3d at 750-51 (alteration in original).

¶22 As we held in Stevens, a defendant may solely appeal from the resentencer's determination of his or her sentence and may not challenge his or her conviction. Id., 2018 OK CR 11, ¶ 40, 422 P.3d at 751 (citing 22 O.S.2011, §§ 1051, 1066; Rule 1.2(A)(5), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2018)).

* * * * *

¶23 In the present case, the sentencing phase of Petitioner's capital murder trial provided him with the individualized sentencing proceeding required by the Eighth Amendment as interpreted in Miller, Montgomery and Jones. We therefore deny post-conviction relief.

DECISION

¶24 Petitioner's post-conviction appeal is DENIED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2021), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY
THE HONORABLE DAWN MOODY, DISTRICT JUDGE

 
 
 
 APPEARANCES BEFORE THE DISTRICT COURT

 NICOLE DAWN HERRON
 ADAM BARNETT
 ASST. PUBLIC DEFENDERS
 TULSA COUNTY
 423 S. BOULDER AVE.
 SUITE 300
 TULSA, OK 74103-3805
 COUNSEL FOR PETITIONER

 RANDALL YOUNG
 ASST. DISTRICT ATTORNEY
 TULSA COUNTY
 500 S. DENVER AVE., SUITE 900
 TULSA, OK 74103-3832
 COUNSEL FOR THE STATE
 
 
 APPEARANCES ON APPEAL

 NICOLE DAWN HERRON
 ADAM BARNETT
 ASST. PUBLIC DEFENDERS
 TULSA COUNTY
 432 S. BOULDER AVE.
 SUITE 300
 TULSA, OK 74103-3805
 COUNSEL FOR PETITIONER

 NO RESPONSE FROM THE STATE
 
 
  
 
 
 

 

OPINION BY: HUDSON, V.P.J.
ROWLAND, P.J.: CONCUR 
LUMPKIN, J.: CONCUR
LEWIS, J.: CONCUR IN PART/DISSENT IN PART

 

 

"APPENDIX A"

(Revised OUJI-CR 4-87B)

By your verdict in the first part of this trial you have already found the defendant guilty of the crime of murder in the first degree. You must now determine the proper punishment.

Under the law of the State of Oklahoma, every person found guilty of murder in the first degree shall be punished by imprisonment for life without the possibility of parole, or imprisonment for life with the possibility of parole.

You are further instructed that [Defendant] was a juvenile when this crime was committed. The law regards juvenile offenders generally as having lesser moral culpability and greater capacity for change than adult offenders. An offender's youth matters in determining the appropriateness of the sentence in this case.

You are therefore instructed to consider, in determining the proper sentence, the defendant's youth and youth-related characteristics, as well as any other aggravating and mitigating circumstances, along with the nature of the crime committed.

 

 

"APPENDIX B"

VERDICT FORM

LIFE WITHOUT PAROLE PROCEEDINGS----JUVENILE OFFENDER

IN THE DISTRICT COURT OF THE __________ JUDICIAL DISTRICT OF
THE STATE OF OKLAHOMA SITTING IN AND FOR _________COUNTY

 

 
 
 
 THE STATE OF OKLAHOMA,

 Plaintiff,

 vs.

 JOHN DOE,

 Defendant.
 
 
 )
 )
 )
 )
 ) Case No. ________
 )
 )
 )
 
 
 

 

VERDICT (SECOND STAGE)

COUNT 1--MURDER IN THE FIRST DEGREE

We, the jury, empaneled and sworn in the above-entitled cause, do, upon our oaths, find as follows:

Defendant is:

Guilty of the crime of Murder in the First Degree and fix punishment at ________________________________.

____________________________________

FOREPERSON

 

 

LEWIS, JUDGE, CONCURS IN PART AND DISSENTS IN PART:

¶1 I agree that this Petitioner was not deprived of an individualized sentencing hearing where youth and its attendant characteristics were considered along with the nature of the crime. Stevens v. State, 2018 OK CR 11, ¶ 26, 422 P.3d 741, 748. Petitioner's capital sentencing trial satisfied these requirements. No relief is warranted.

¶2 However, nothing in Jones v. Mississippi requires dismantling the substantive protections established in Luna and Stevens for juvenile homicide defendants facing life without parole. The majority never fully supported the effort to enforce Miller and Montgomery in this way; and today it takes a long-awaited opportunity to turn back the clock.

¶3 Jones did not overrule Miller's holding that life without parole is a cruel and unusual punishment for a juvenile whose crime reflects the transient immaturity of youth; it simply clarified that the Eighth Amendment does not require a finding of permanent incorrigibility as a condition precedent to the sentence.

¶4 Jones does say that a discretionary sentencing where youth is "considered" is constitutionally sufficient. We fashioned such a mechanism in Luna and Stevens, which required the State to show beyond a reasonable doubt that the juvenile was permanently incorrigible. This framework promised a high degree of reliability in proportioning a life without parole sentence to both the crime and the offender under all of the circumstances.

¶5 Jones can be read to mean Luna and Stevens went too far in requiring a finding of incorrigibility, but it hardly follows that the Constitution allows a wholly arbitrary discretion in imposing life without parole on juveniles. As we recognized in Luna, the Eighth Amendment requires that sentencing judges and juries in such cases be "fully aware of the constitutional 'line between children whose crimes reflect transient immaturity and those rare children whose crimes reflect irreparable corruption.'" Luna, 2016 OK CR 27, ¶ 21, 387 P.3d at 963 (quoting Montgomery, 577 U.S. at 208-09).

¶6 Nothing in Jones erased that line. We remain obligated to see that it is not crossed. The Eighth Amendment still demands meaningful consideration of youth and its attendant characteristics at sentencing. To this end, the sentencer's discretion should be meaningfully guided by instructions that no juvenile can be sentenced to life without parole unless the aggravating circumstances outweigh any mitigating circumstances, including youth and its attendant characteristics. And trial courts must continue to carefully weigh arguments to the sentencing judge or jury that a crime reflects the transient immaturity of youth; or on the other hand, permanent incorrigibility.

¶7 Without formal recognition of this constitutionally bounded space in sentencing-stage argument, and instructions that clearly limit the sentencer's discretion by ensuring an informed awareness of substantive constitutional constraints, the sentencing procedure promulgated today will fail to meaningfully distinguish those rare incorrigible juveniles who deserve life without parole from others who do not.

 






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 2002 OK CR 34, 58 P.3d 208, MALONE v STATE
Discussed at Length
 2011 OK CR 26, 270 P.3d 160, MITCHELL v. STATE
Discussed
 2016 OK CR 27, 387 P.3d 956, LUNA v. STATE
Discussed at Length
 2018 OK CR 10, 421 P.3d 890, NICHOLSON v. STATE
Discussed
 2018 OK CR 11, 422 P.3d 741, STEVENS v. STATE
Discussed at Length
 2019 OK CR 9, 457 P.3d 1089, JOHNSON v. ELLIOTT
Discussed
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 812.1, Time Limit to Begin Trial
Cited
 22 O.S. 860.1, Second or Subsequent Offense - Trial Procedures
Cited
 22 O.S. 929, Remanding Case for Vacation of Sentence-Nonjury Sentencing Proceeding-Construction
Discussed at Length
 22 O.S. 1051, Right of Appeal - Review - Corrective Jurisdiction - Procedure - Scope of Review on Certiorari
Cited
 22 O.S. 2001, Short Title
Cited


 
 








 
 
 
 

 
 




 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA