JOHNSON v. ELLIOTT



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:JOHNSON v. ELLIOTT

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 JOHNSON v. ELLIOTT
2021 OK CR 31
Case Number: PR-2018-1203
Decided: 10/08/2021
JESSE ALLEN JOHNSON, Petitioner v. HONORABLE RAY C. ELLIOTT, JUDGE OF THE DISTRICT COURT, THE STATE OF OKLAHOMA
Cite as: 2021 OK CR 31, __ __

 

 

ORDER DENYING APPLICATION FOR
EXTRAORDINARY RELIEF AND REMANDING
MATTER TO DISTRICT COURT

¶1 This case is before us on remand from the United States Supreme Court, vacating our decision in Johnson v. Elliott, 2019 OK CR 9, 457 P.3d 1089, and directing further consideration in light of Jones v. Mississippi, 141 S.Ct. 1307 (2021). In 2018, Petitioner sought and was granted post-conviction relief from this Court because he was a minor at the time he committed the homicide and had been sentenced to life without parole.[1] We remanded for a sentencing hearing at which his youth at the time of the crime could be considered. He failed to request jury sentencing within the applicable statutory timeframe, and so Judge Elliott denied Petitioner's request for jury resentencing as he found Petitioner waived his right to sentencing by a jury when he entered his blind plea of guilty in 2006.

¶2 Petitioner then sought and was granted extraordinary relief from this Court and we remanded the matter to the district court in Johnson v. Elliott, 2019 OK CR 9, 457 P.3d 1089 (holding a defendant is entitled to jury resentencing unless affirmatively waived under the Sixth Amendment). That decision was based upon Stevens v. State, 2018 OK CR 11, ¶ 34, 422 P.3d 741, 750 ("The Sixth Amendment demands that the trial necessary to impose life without parole on a juvenile homicide offender must be a trial by jury, unless a jury is affirmatively waived."). The State of Oklahoma sought and was granted review by the United States Supreme Court, which in Oklahoma v. Johnson, __S.Ct.__, 209 L.Ed.2d 727 (2021), vacated our previous order entered in this matter and remanded the case to this Court for consideration in light of the decision in Jones.

¶3 Back before this Court now is Petitioner's application for an extraordinary writ seeking to prohibit Judge Elliott from resentencing him without empaneling a jury pursuant to 22 O.S.2011, § 929.[2] Because Jones v. Mississippi established that the Sixth Amendment does not require jury sentencing in such cases, and because Petitioner has not complied with statutory requirements for entitlement to jury sentencing, we affirm the decision of the trial court.

¶4 For a writ of prohibition, Petitioner must establish that "(1) a court, officer or person has or is about to exercise judicial or quasi-judicial power; (2) the exercise of said power is unauthorized by law; and (3) the exercise of said power will result in injury for which there is no other adequate remedy." Rule 10.6(A), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2021). Our holding in Stevens was based upon the majority's reading of Miller v. Alabama, 567 U.S. 460 (2012) and Montgomery v. Louisiana, 577 U.S. 190 (2016). The United States Supreme Court has since clarified its Miller and Montgomery holdings in the very recent case of Jones, clearly establishing that the Sixth Amendment does not require that any sentence of life without parole on a juvenile offender be done by a jury.

DECISION

¶5 We find the Honorable Ray C. Elliott's holding is not an abuse of discretion and is authorized by law. As a result, Petitioner has failed to meet his burden for an extraordinary writ. The trial court's denial of Petitioner's request for jury resentencing based upon waiver is AFFIRMED, and the matter is REMANDED to the trial court for resentencing.

¶6 IT IS SO ORDERED.

¶7 WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 8th day of October, 2021.

/S/SCOTT ROWLAND, Presiding Judge

/S/ROBERT HUDSON, Vice Presiding Judge

/S/GARY L. LUMPKIN, Judge

/S/DAVID B. LEWIS, Judge 
CIR

ATTEST:
John D. Hadden
Clerk

FOOTNOTES

[1] See Johnson v. State, PC-2017-755 (Okl.Cr. May 22, 2018) (not for publication).

[2] Petitioner, age seventeen, entered a blind plea of guilty on November 29, 2006, to First Degree Murder in Oklahoma County District Court Case No. CF-2005-5714. He was sentenced to life imprisonment without the possibility of parole. Petitioner's certiorari appeal was denied by this Court in a Summary Opinion issued October 3, 2007, Appeal No. C-2007-83.

 

 

LEWIS, JUDGE, CONCURS IN RESULT:

¶1 I concur in denying the writ. Jones v. Mississippi at least implicitly rejected this Court's conclusions, in Stevens v. State, 2018 OK CR 11, 422 P.3d 741, that: (1) "[t]he Sixth Amendment demands that the trial necessary to impose life without parole on a juvenile homicide offender must be a trial by jury, unless a jury is affirmatively waived;"[1] and (2) in such a trial, the State must "prove, beyond a reasonable doubt, that the defendant is irreparably corrupt and permanently incorrigible."[2] Nonetheless, those requirements gave real teeth to Miller's promise of "a certain process" considering "youth and attendant characteristics" before imposing a life-without-parole sentence. Miller v. Alabama., 567 U.S. 460, 483.

¶2 Trial courts (sitting with juries, where properly demanded) can still take seriously the constitutional requirement of a hearing, by allowing a full array of evidence and argument about how youth and attendant characteristics should inform the decision between life imprisonment and life without parole. Though Jones rejected a factual finding of permanent incorrigibility as a condition precedent to life without parole, the Supreme Court's analogy of Jones's "hearing" requirement to a capital sentencing proceeding suggests to me that the court or jury should not impose life without parole on a juvenile unless it finds that the aggravating circumstances outweigh any mitigating circumstances, including youth and its attendant characteristics.

¶3 Without these guardrails on the discretionary sentencing allowed by Jones, courts and juries could fail to meaningfully distinguish those rare incorrigible juveniles who deserve life without parole from others who do not.

FOOTNOTES

[1] Stevens, 2018 OK CR 11, ¶ 34, 422 P.3d at 750 (citing Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)).

[2] Stevens, 2018 OK CR 11, ¶ 35, 422 P.3d at 750 (citing Luna v. State, 2016 OK CR 27, ¶ 21 n.11, 387 P.3d 956, 963 n.11; and Ring v. Arizona, 536 U.S. 584 (2002). See in this regard, Jones, 141 S.Ct. at 1316 n.3 (citing Ring and Apprendi)("If permanent incorrigibility were a factual prerequisite to a life-without-parole sentence, this Court's Sixth Amendment precedents might require that a jury, not a judge, make such a finding").

 

 






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 2016 OK CR 27, 387 P.3d 956, LUNA v. STATE
Discussed
 2018 OK CR 11, 422 P.3d 741, STEVENS v. STATE
Discussed at Length
 2019 OK CR 9, 457 P.3d 1089, JOHNSON v. ELLIOTT
Discussed at Length
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 929, Remanding Case for Vacation of Sentence-Nonjury Sentencing Proceeding-Construction
Cited


 
 








 
 
 
 

 
 




 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA